GHOSSON *v.* STEWART'S ESTATE.

BASTARDS — LEGITIMATION — STATUTES — WITNESSES — DESCENT
AND DISTRIBUTION.
Under statute relative to acknowledgment of paternity by written
instrument, the statute becomes operative only upon perform-
ance of each of two conditions precedent (1) execution and
acknowledgment of the instrument in the same manner as may
be by law provided for the execution and acknowledgment of
deeds of real estate, and (2) recording, hence where such an
instrument had not been witnessed by two witnesses, it was
inoperative to make child an heir (Act No. 288, chap. 2, § 83,
Pub. Acts 1939, as amended by Act No. 347, Pub. Acts 1941).

Appeal from Wayne; Webster (Clyde I.), J.
Submitted June 10, 1947. (Docket No. 51, Calen-
dar No. 43,758.) Decided October 13, 1947.

Petition by Anna Mae Stewart for determination
of heirs of Edward Stewart, deceased. From order
determining deceased's widow to be his sole heir

at law, Susie Mae Ghosson, guardian of John Earl Stewart, a minor, appealed to circuit court. Appeal dismissed. Susie Mae Ghosson, guardian of John Earl Stewart, a minor, appeals. Affirmed.

*Adelbert H. Lindley,* for plaintiff.

*Connolly, Moynihan & Connolly,* for defendant.

DETHMERS, J. Susie Mae Ghosson is the mother of John Earl Stewart, a minor, and, as his guardian, the plaintiff herein. Edward Stewart, deceased, whose estate is the defendant, was his father. These parents never intermarried. Years after the birth of the son the father married Annie Mae Stewart, his surviving widow.

In 1943 plaintiff filed in the Wayne county probate court a petition for her appointment as guardian of her son wherein she represented herself to be the mother and Edward Stewart to be the father. On the petition appears a consent and waiver signed by Edward Stewart, which reads as follows:

"I, the undersigned, father of said minor, John Earl Stewart, do hereby waive notice of this hearing and consent to the appointment of Susie Mae Ghosson as guardian of John Earl Stewart, a minor.
                                   EDWARD E. STEWART
                                   January 14, 1943
Subscribed and sworn to before me this January 14, 1943.
       JESSIE WALLER,
       Notary Public, Wayne County, Michigan.
       My commission expires: 2/29/44."

From a determination by the probate court that the surviving widow is the sole heir at law of Edward Stewart, who died intestate, plaintiff appealed to the circuit court. From an order and judgment

of the circuit court dismissing her appeal and remanding the cause to probate court for administration pursuant to that court's determination, plaintiff has taken this appeal.

Involved is the construction of the provisions of Act No. 288, chap. 2, § 83, Pub. Acts 1939, as amended by Act No. 347, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 16289–2[83], Stat. Ann. 1943 Rev. § 27.3178[153]), which reads as follows:

"When, after the birth of an illegitimate child, his parents shall intermarry, or without such marriage, if the father and mother shall, by writing under their hands, acknowledge such child as the child of the man, such child shall be considered legitimate for all intents and purposes: Provided, That it shall not be necessary for the mother of such child to join in such acknowledgment in case she is disqualified to act by reason of insanity, mental incapacity, death, or if for any other reason satisfactory to the probate judge of such county, it is not practical for her to join in such acknowledgment. The failure of the mother of such child to join in any acknowledgment filed in accordance with the provisions of this section shall not invalidate or otherwise affect the same: Provided further, That such acknowledgment shall be executed and acknowledged in the same manner as may be by law provided for the execution and acknowledgment of deeds of real estate, and be recorded in the office of the judge of probate of the county in which such father is at the time a resident."

Plaintiff contends that the execution and filing of the above consent and waiver amount to a sufficient compliance with the statute to entitle her son to be considered a legitimate son of Edward Stewart, deceased, for all intents and purposes and thus to share in his estate.

Because the signature of Edward Stewart is not witnessed by two witnesses nor acknowledged in the statutory form for deeds of real estate, defendant insists that the consent and waiver was not executed and acknowledged in the same manner as by law provided for deeds of real estate and, therefore, fails to comply with the above statute.

Plaintiff urges that the proviso clause of the statute "can not require more formality in respect to the signature of the father admitting his fatherhood than is required in respect to the signature of a grantor to a deed." Plaintiff directs attention to *Kerschensteiner* v. *Northern Michigan Land Co.,* 244 Mich. 403, and cases therein cited, holding that while deeds of real estate must be witnessed and acknowledged to be entitled to record they are good between the parties without either. Plaintiff then develops the theory that the words "by law provided," as contained in the proviso clause of the statute, must be construed to mean the statutory requirements for the execution and acknowledgment of deeds of real estate as interpreted by the courts and that because such deeds have been held by this Court to be good between the parties even though lacking as to the statutory requirements for execution and acknowledgment, so, too, the acknowledgment of paternity in the instant case should be held good between the parties despite its defects in that regard.

To accept plaintiff's theory would be to read the proviso clause out of the statute altogether. Under the proviso, when paternity has been acknowledged by written instrument, the statute becomes operative upon performance of two conditions precedent; (1) execution and acknowledgment of the instrument in a certain manner, (2) recording. *In re*

*Harper's Estate (Cuthbert v. Myers)*, 272 Mich. 476, is controlling. We there held that failure to comply with the second condition precedent left the statute inoperative. Failure to comply with the first condition precedent can have no other consequence.

Judgment affirmed, with costs to defendant.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.