MATTER OF C—

In VISA PETITION Proceedings

A-11695615

*Decided by Board May 17, 1961*

Legitimation—Michigan—Acknowledgment by natural father.

(1) Child born out of wedlock in Italy is not legitimated either under Italian or Michigan law by natural father's "Act of Acknowledgment" executed before Italian Vice Consul in Detroit, Michigan, and recorded in a public office in Italy.

(2) Under Michigan law, the father may legitimate his child at any time by acknowledging paternity in a written instrument executed in the same manner as provided for deeds of real estate (before two witnesses) and by recording the instrument in the probate office of the county where the father has his legal residence.

## BEFORE THE BOARD

**DISCUSSION:** This appeal comes forward from decision of the District Director, Detroit, Michigan, on March 23, 1961, denying a visa petition on the ground that the beneficiary, born out of wedlock in Italy on June 30, 1946, has not been legitimated by the petitioner and is ineligible for nonquota status pursuant to section 101(a)(27)(A) of the Immigration and Nationality Act. In other words, since the beneficiary has not been legitimated, the petitioner cannot meet the requirements of section 101(b)(1)(C) of the Immigration and Nationality Act, that is, he cannot establish the required relationship of "parent" and "child" within the section of law last mentioned.[1]

---

[1] Section 101(b)(1)(C) and section 101(b)(2) of the Immigration and Nationality Act read:

(b) As used in titles I and II—

(1) The term "child" means an unmarried person under twenty-one years of age who is—

\* \* \* \* \* \* \*

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

\* \* \* \* \* \* \*

(2) The terms "parent", "father", or "mother" mean a parent, father, or mother only where the relationship exists by reason of any of the circumstances set forth in (1) above.

268

Petitioner, in his exceptions (Form I-290A), states that the mother of the beneficiary died November 26, 1960; that he acknowledged paternity of the beneficiary on June 30, 1952; and that he has supported said child since his birth on June 30, 1946, and desires to bring him to the United States for permanent residence.

The brief record submitted contains very little evidence. It is composed of the petition filed March 3, 1961, and three principal documents. We do not know when petitioner came to the United States or whether he was in Italy in 1945, or subsequent thereto. He, a native of Italy, naturalized citizen of the United States (certificate No. 7653568, June 5, 1956), sets forth that the beneficiary was born in Italy on June 30, 1946, out of wedlock, and is presently residing in Italy. The translated documents attached to the petition are: an Act of Acknowledgment of natural son by petitioner on June 30, 1952, before the Vice Consul of Italy in Detroit, Michigan; an amended birth certificate of the beneficiary from the Register of Civil Status at Zoppola, Udine, Italy, where the Act of Acknowledgment was recorded August 22, 1952; also, certificate showing the death of Z—O—, single, on November 26, 1960, at Zoppola, Italy.

It appears that the original birth certificate of this beneficiary was recorded in the Office of Civil Status at Zoppola, Province of Udine, Italy, under the name Z—G—M—; mother, Z—O—; and fatehr, unknown. The Act of Acknowledgment shows that on June 30, 1952, the petitioner appeared before the Vice Consul of Italy at Detroit, Michigan, the place of his domicile, accompanied by his spouse, and declared and acknowledged pursuant to all the effects of law that G—M— born to O—, mother, and unknown father, is his natural son. The petitioner's spouse consented to the acknowledgment. The document was signed by the petitioner and his spouse, and it appears that the petitioner and his spouse may have acknowledged their signatures in the presence of the notary public in the office of the Vice Consul.

It appears that thereafter, on August 22, 1952, the petitioner caused the document to be recorded at Zoppola, Province of Udine, Italy, in the Office of Civil Status, with the name of the beneficiary changed from Z—G—M— to C—G—M—, and the record was noted to show that he had acknowledged the child as the natural son of A—C— (petitioner), domiciled in Detroit, Michigan. On February 16, 1961, a copy of birth certificate of C—G—M—, as amended, was issued from the Civil Status Register for use of migration and work.

The issue to be resolved is whether the beneficiary herein, who was age 6 years at the time the petitioner executed the Act of Acknowledgment in Detroit, Michigan, on June 30, 1952, and is now age 14 years, was legitimated under the law of the child's residence

or domicile (Italy); or under the law of the father's residence or domicile (the State of Michigan). The burden is upon the petitioner. The District Director has considered the residence or domicile of the beneficiary only, and has made a negative finding.

We will consider the domicile or residence of the child first. We find that the act of the petitioner in recognizing or acknowledging the beneficiary as his child does not constitute legitimation of the child under Italian law (Article 277, Italian Civil Code of 1942, and procedure), in all respects. The question has been adjudicated previously. We have held that recognition or acknowledgment of a child born out of wedlock in Italy, under Italian law and procedure, does not confer on the child the attributes of "legitimation" as that term is used in section 101(b)(1)(C) of the Immigration and Nationality Act (*Matter of D—*, 7—438 (B.I.A., 1957)). Under Article 280, Italian Civil Code of 1948, a child born out of wedlock in Italy may be legitimated by the marriage of the natural parents to each other, or by royal or presidential decree (*Matter of D—M—*, 7—441 (B.I.A., 1957)). There is no evidence before us of intermarriage of the parents or of royal or presidential decree.

This petitioner may have intended to legitimate his son in the jurisdiction of his residence or domicile. The District Director has made no finding in this regard. The statutory procedure in Michigan is set forth in section 27.3178(153), Vol. 23, Michigan Statutes Annotated (Public Acts 1941, No. 347, as amended by Public Acts of 1951, No. 7, 1959 Cumulative Supplement), as follows:

*LEGITIMATION BY ACKNOWLEDGMENT.* When after the birth of an illegitimate child, his parents shall intermarry, or without such marriage, if the father and mother shall, by writing under their hands, acknowledge such child as the child of the man, such child shall be considered legitimate for all intents and purposes: *Provided,* That it shall not be necessary for the mother of such child to join in such acknowledgment in case she is disqualified to act by reason of insanity, mental incapacity, death, or if for any other reason satisfactory to the probate judge of such county, it is not practical for her to join in such acknowledgment. The failure of the mother of such child to join in any acknowledgment filed in accordance with the provisions of this section shall not invalidate or otherwise affect the same: *Provided further,* That such acknowledgment shall be executed and acknowledged in the same manner as may be by law provided for the execution and acknowledgment of deeds of real estate, and be recorded in the office of the judge of probate of the county in which such father or mother of such child is at the time a resident: *Provided further,* That if such acknowledgment is erroneously filed in any other public office, the filing of a certified copy of such acknowledgment in accordance with the provisions of this section, at any time, shall be deemed a compliance with the requirements hereof.

Apparently the statute just quoted does not specify an age limit within which a father may acknowledge the paternity of (or legitimate) his child. The statute does provide that when paternity of

270

an illegitimate child has been acknowledged by written instrument, the statute becomes operative only upon performance of two conditions precedent, (1) execution of acknowledgment of instrument in the same manner as provided for deeds of real estate (before two witnesses), and (2) recording. It has been held that where the signature of a decedent father was not witnessed by two persons, by their signatures, in the form required for deeds for real estate, the statute was inoperative to give right of inheritance, and for other purposes (*Chasson* v. *Estate of Stewart*, 319 Mich. 204; 29 N.W.2d 282 (1947) (Supreme Court, Michigan)). The statute above quoted, when fully complied with, has been construed so that, in effect, an acknowledgment makes the county which is the legal residence of the father (petitioner) the legal residence of the legitimized child, and such acknowledgment and its effect, with respect to legal residence, relates back to date of birth of such child (Op. Atty. Gen., 1941–1942, p. 456, No. 22165 (Mich.)). In other words, it is a legitimation statute for all intents and purposes.

The petitioner, unfortunately, has not complied fully with the statutory law and procedure of Michigan, the place of his domicile, in acknowledging the paternity of his son. Consequently, the statute is inoperative to effect legitimation of the child. The omissions in the copy of translated acknowledgment before us fail to show that the signature thereon was witnessed by two persons and acknowledged the same as a deed for real estate. Nor does the copy show that it was recorded in Wayne County, Michigan, although it has been recorded in a public office in Italy. If the instrument were properly executed it could be recorded "at any time" in Michigan. The natural mother did not join the petitioner, apparently because it was impracticable to do so. She is now deceased.

It is conceded that petitioner is a United States citizen and that he is domiciled in Michigan. The beneficiary is only 14 years of age and his mother is deceased. We believe the petitioner, with assistance from the Service, should support his petition with an acknowledgment of paternity duly executed and properly recorded under the procedure and law of Michigan, forthwith; and that he should furnish evidence showing support and custody of the beneficiary. Undoubtedly, there should be some facts submitted by the Service or the petitioner to show that he was in Italy at the time of, or immediately prior to, the birth of the beneficiary. On the present record, the appeal will be dismissed without prejudice to reconsideration, should the petitioner submit evidence to support his petition.

ORDER: It is ordered that the appeal in this case be dismissed without prejudice to reconsideration should the visa petition be supported by substantial evidence as indicated in the foregoing.