EASLEY v JOHN HANCOCK MUTUAL LIFE INSURANCE
COMPANY

1. BASTARDS—LEGITIMATION—ACKNOWLEDGMENT OF PATERNITY—OR-
    DER OF FILIATION—FATHER'S ESTATE—STATUTES.

    Michigan's statute for the acknowledgment of an illegitimate
    child must be strictly complied with in order for a child born
    out of wedlock to share in the father's estate; a circuit court
    order of filiation and support does not meet the statutory
    requirement that the father of an illegitimate child execute
    and record with the appropriate probate court an acknowledg-
    ment of paternity (MCLA 702.83; MSA 27.3178[153]).

2. CONSTITUTIONAL LAW—CASE PRECEDENT—BASTARDS—LEGITIMATION
    —FATHER'S ESTATE—ACKNOWLEDGMENT OF PATERNITY—STAT-
    UTES.

    The Court of Appeals is bound by the United States Supreme
    Court's interpretation of the U. S. Constitution; therefore, the
    Court of Appeals must reject an argument that a statute which
    prevents a child born out of wedlock from sharing in the
    father's estate unless the father has executed and recorded an
    acknowledgment in probate court is invalid under the Federal
    Constitution since the U. S. Supreme Court has declared that
    the choices reflected by an intestate succession statute are
    choices which it is within the power of a state to make (MCLA
    702.83; MSA 27.3178[153]).

Appeal from Wayne, John R. Kirwan, J. Submit-
ted June 15, 1976, at Detroit. (Docket No. 24211.)
Decided August 4, 1976. Leave to appeal applied for.

Complaint by Helen Easley against the John
Hancock Mutual Life Insurance Company for the
proceeds of a life insurance contract on the life of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 10 Am Jur 2d, Bastards § 51.

What amounts to recognition within statutes affecting the status or
rights of illegitimates. 33 ALR2d 705.

Mrs. Easley's deceased husband. The defendant insurance company interpleaded Demosthenes L. Easley and Jeffrey P. Jackson, paid the proceeds into the court, and was discharged. Summary judgment awarding the proceeds to Demosthenes Easley. Defendant Jeffrey Jackson appeals. Affirmed.

*Bernard Adams, Jr.,* for Helen Easley and Demosthenes L. Easley.

*Seymour Berger,* for defendant Jeffrey P. Jackson.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

D. C. RILEY, J. We are confronted with a constitutional challenge to a portion of our statutory scheme of distribution of intestate estates. Appellant contends that a statute requiring that, as a condition to an illegitimate child's participation in the estate distribution, the father file an acknowledgment document in the probate court is constitutionally infirm. After careful study, we rule that the statutory scheme is constitutionally permissible.

Certain facts have been stipulated for this appeal. James Easley fathered two sons prior to his death. The appellant, Jeffrey P. Jackson, was born out of wedlock to Ellen Jackson, and the appellee, Demosthenes L. Easley, was born after James Easley's marriage to Helen Easley. James Easley died of gunshot wounds at the hands of Helen Easley, his wife and sole beneficiary under a life insurance policy issued by John Hancock Life Insurance Company.

After the insurer refused to accede to Helen

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Easley's demands for the proceeds,[1] Mrs. Easley brought suit in Wayne County Circuit Court. The insurer interpleaded the appellant and appellee, paid the proceeds into the court, and was discharged.

After an exchange of pleadings and certain hearings, the trial judge concluded that neither Mrs. Easley nor the illegitimate son of the decedent had any right to the proceeds. The court awarded the entire sum to appellee, Demosthenes Easley.

It is conceded that the father did not comply with the precise requirements of MCLA 702.83; MSA 27.3178(153), in that he did not execute and record an acknowledgment of paternity in the Wayne County Probate Court.[2] Our Supreme Court has previously held that strict compliance with this acknowledgment statute is necessary in order for a child born out of wedlock to share in the

---

[1] The insurer refused payment, and the trial court upheld this refusal, on the basis of *Ohio State Life Insurance Co v Barron,* 274 Mich 22; 263 NW 786 (1935). The validity of that ruling is not in question on present appeal.

[2] MCLA 702.83; MSA 27.3178(153) reads:

"Upon the intermarriage of the parents of a child born out of wedlock, or, in the absence of such intermarriage, upon the parents of such child, by writing under their hands, acknowledging it as their child, in either instance such child shall be legitimate with the identical status, rights and duties of a child born in lawful wedlock, effective from its birth. It shall not be necessary for the mother of such child to join in such acknowledgment in case she is disqualified to act by reason of insanity, mental incapacity, death, or if for any other reason satisfactory to the probate judge of such county, it is not practical for her to join therein. The failure of the mother of such child to join in any acknowledgment otherwise filed in accordance with the provisions of this section shall not invalidate or otherwise affect the same in any manner. *Such acknowledgment shall be executed and acknowledged in the same manner by law provided for the execution and acknowledgment of deeds of real estate, and be recorded at any time in the office of the judge of probate of the county in which such father or mother of such child resided at the time of the execution and acknowledgment.* Nothing in this section or done pursuant hereto except intermarriage shall give any person or persons any rights, standing or preference in any controversy relating to proceedings pursuant to chapter 10." (Emphasis supplied.)

father's estate. *In re Harper's Estate,* 272 Mich 476; 262 NW 289 (1935), *Ghosson v Stewart's Estate,* 319 Mich 204; 29 NW2d 282 (1947). We are bound by these decisions.

Unlike other states' acknowledgment statutes,[3] it is not sufficient that an order of filiation and support was entered against decedent in Wayne County Circuit Court pursuant to MCLA 722.711, *et seq.;* MSA 25.491 *et seq.* The Wayne County Circuit Court's 1963 order, designed to fix liability for support of the child, is not the equivalent of the statutory requirement of a recorded probate court acknowledgment. Fulfillment of the statutory acknowledgment manifests a father's desire to accept the child and to include the child in the apportionment of his wealth; a declaration gained through filiation proceedings may result from a desire to avoid the expense and embarrassment of a paternity trial. See, *In re Estate of Peter Pakarinen,* 287 Minn 330; 178 NW2d 714 (1970). In short, the acknowledgment statute has not been complied with and, absent constitutional objection, appellant is not entitled to share in decedent's estate.

An argument that a similar statutory scheme was constitutionally invalid was squarely presented and answered in *Labine v Vincent,* 401 US 532; 91 S Ct 1017; 28 L Ed 2d 288 (1971).[4] The facts in that case are remarkably similar to the present, including the father's execution of a filiation document of support, 401 US at 533. In ruling that the

---

[3] *See* Note, *Inheritance Rights of Illegitimate Children Under the Equal Protection Clause,* 54 Minn L Rev 1336, 1337–1338 and n 10 (1970).

[4] *Labine v Vincent,* 401 US 532; 91 S Ct 1017; 28 L Ed 2d 288 (1971), concerned claims made under both the Equal Protection and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution. US Const, Am XIV.

father's failure to execute a will or particular statement of legitimacy defeated the child's claim to the estate, the Court declared that "the choices reflected by the intestate succession statute are choices which it is within the power of the State to make". 401 US at 537. Bound to the Supreme Court's interpretation of the United States Constitution, we must reject appellant's arguments under that document.

Appellant does not contend that the Michigan Constitution is any more prohibitive of this statutory scheme than the United States Constitution. We therefore refrain from assessment of the statute under the strictures of our own Constitution.

We affirm the decision of the Wayne County Circuit Court. Costs to appellees.