STEPHEN R. CLEVELAND, Individually and as Commissioner of the Board of Waterworks of the City of Watertown, and Others, Respondents, *v.* CITY OF WATERTOWN and Others, Appellants.

*Municipal corporation — constitutional law — optional form of city government.*

Appeal from a judgment of the Supreme Court, entered in the Jefferson county clerk's office April 10, 1917.

Judgment affirmed, with costs, upon the opinion of Emerson, J., delivered at Special Term. (Reported in 99 Misc. Rep. 66.)   All concurred, except Kruse, P. J., and De Angelis, J., who dissented in an opinion by Kruse, P. J.

KRUSE, P. J. (dissenting): The question presented by this appeal is whether a second or third class city may reincorporate or adopt the optional city government plan as provided in chapter 444 of the Laws of 1914.   If the act is constitutional, I think that has been done by the city of Watertown.   The preliminary steps, including the vote of the people, has accomplished this.   The question voted upon was not, whether a given proposition should become a law, but whether the law already enacted should be adopted by the city.   Legislation of that character has been held not to be violative of that provision of the Constitution which vests the legislative power in the Senate and Assembly.   (Const. art. 3, § 1; *Clarke* v. *City of Rochester,* 28 N. Y. 605; *People ex rel. Unger* v. *Kennedy,* 207 id. 533.)   But it is contended that there are certain provisions in the act itself which attempt to confer upon the local authorities legislative power.   But that may be done by the Legislature if confined within the sphere of local self-government (*Stanton* v. *Board of Supervisors,* 191 N. Y. 428; *Village of Saratoga Springs* v. *Saratoga Gas, etc., Co.,* Id. 123, 151), because, as is said by Chief Judge Cullen in the last case above cited: " It is in conformity with the general principle which prevails with us of fostering local self-government."   Even certain governmental and administrative functions which affect the people of the State as a whole may be delegated to a municipal corporation as a State agency, to be exercised within its territorial limits, and the municipality may be empowered to make ordinances upon the subjects thus committed to it, and such ordinances have the force of law within the territorial limits over which their jurisdiction extends; such as the care and control of highways (*People* v. *Kerr,* 27 N. Y. 188; *Village of Carthage* v. *Frederick,* 122 id. 268; *People ex rel. Collins* v. *Ahearn,* 193 id. 441; *City of Buffalo* v. *Stevenson,* 207 id. 258); public safety and public health (*Metropolitan Board of Health* v. *Heister,* 37 id. 661; *Polinsky* v. *People,* 73 id. 65; *People ex rel. Lieberman* v. *Vandecarr,* 175 id. 440; *City of Rochester* v. *Macauley-Fien M. Co.,* 199 id. 207; *People* v. *Kaye,* 212 id. 407.)   But it is further contended that the act under consideration authorized the local authorities, not only to repeal existing ordinances, but to supersede the general laws.   It is true that section 8 of the act provides that all general or special laws not inconsistent with the act shall continue in full force and effect until and unless superseded by the passing of ordinances regulating the

matters therein provided for. But that, I think, applies only to such particular powers as are committed by the Legislature to the local authorities, and no further. As was said by Haight, J., in *Matter of Sugden* v. *Partridge* (174 N. Y. 87) at page 95: " If a statute is capable of two constructions, one of which is in harmony with the provisions of the Constitution and the other not, that should be adopted which will preserve the statute, if such construction is just as consistent with the legislative intent as the other. And in order to give effect to the Legislature's intent, words and phrases may be eliminated or supplied." Even if that provision should be held unconstitutional, it would not necessarily make the entire act so. I think that part could be entirely disregarded without invalidating the entire act. It is contended that section 37 confers upon the common council power to impose upon one officer the duties exercised by another, and abolish the office of the latter, and that this is unconstitutional. But I think the Court of Appeals have decided to the contrary. (*People ex rel. Dunn* v. *Ham*, 166 N. Y. 477; *People ex rel. Collins* v. *Ahearn*, 193 id. 441.) In the *Dunn* case it appeared that the act there under consideration conferred all the legislative power of the city upon the common council, giving it authority to enact ordinances, not inconsistent with the laws of the State, for the government of the city and management of its business, the preservation of good order, peace and health, the safety and welfare of its inhabitants and the protection and security of their property. It was said that the evident purpose was to confer upon the common council legislative authority as to matters relating to the municipal government, except as limited by that statute and others not inconsistent with its provisions; that the Legislature might have passed an act abolishing the office of station house keepers and otherwise regulating and affecting the police government of the city, could not be questioned. But instead of passing such an act it had conferred upon the common councils of cities of the second class general power to enact ordinances for the protection and security of property, the preservation of good order and for the safety and welfare of their inhabitants, which plainly included the regulation of the police and police power of such cities. The legislative power thus conferred was unlimited, except by the provisions of existing laws, and hence it was held that the common council possessed the power to abolish any position or office it deemed unnecessary which was connected with or incident to the police government of the city, unless forbidden by that act or some other statute then in force. I think the power contained in the act under review upon that subject is certainly no broader than that contained in the act in the *Dunn* case, as construed by the Court of Appeals and held to be valid. It is further contended that the act violates section 1 of article 12 of the Constitution, in removing the existing tax limit, which is not more than $1.70 upon each $100 of assessed valuation. I am not prepared to say that this act has any such effect, or that the council has any such power under it. But even so, I think it does not invalidate the act. The question of what restriction should be put upon cities and incorporated villages to restrict their power of taxation, assessment, borrowing money, contracting debts and loaning credit is for the Legislature. (*Bank*

*of Rome* v. *Village of Rome*, 18 N. Y. 38.)   I think the judgment should be reversed and the complaint dismissed.

De Angelis, J., concurred.          _____