**SMITH et al. v. McDOWELL et al.**
(No. 8639.)

(Court of Civil Appeals of Texas. Dallas. March 18, 1922. Rehearing Denied April 15, 1922.)

I. Trial ⬦⟹139(1) — Refusal of defendant's requested peremptory instruction proper if evidence is sufficient to establish prima facie case for plaintiff.

Refusal of defendant's requested peremptory instruction was proper if the evidence was sufficient to establish prima facie case for plaintiff.

2. Appeal and error ⬦⟹1001(1)—Verdict not disturbed unless evidence to support it so frail as to show that justice has not been done.

The verdict will not be disturbed in the absence of a showing that the evidence to support it is so frail as to reveal that truth and justice have not been attained.

3. Descent and distribution ⬦⟹71(7)—Whether claimant was daughter of former owner of property claimed held for jury.

In action for certain property as only heir at law of former owner, in which the defendants denied that plaintiff was the former owner's surviving daughter, the question as to whether plaintiff was the daughter of such former owner held for the jury.

4. Evidence ⬦⟹322(1)—Hearsay evidence potent to prove pedigree or parentage.

Hearsay evidence is potent to prove pedigree or parentage.

Appeal from District Court, Dallas County; Kenneth Force, Judge.

Action by Opal L. McDowell and others against A. B. Smith and others. Judgment for plaintiffs, and defendants appeal. Judgment affirmed.

Gano & Gano, O. A. Eldridge, and Thomas G. Murname, all of Dallas, for appellants.

H. Bascom Thomas, M. M. Parks, and W. M. Pierson, all of Dallas, for appellees.

HAMILTON, J. This is an appeal from a judgment decreeing title to certain property to be in appellee Opal L. McDowell as the sole heir of Mrs. Lydia J. Clair, deceased, who died intestate as to the property affected by the decree. Appellee's claim to property rests upon the assertion that she is the daughter of Mrs. Clair and her only child and heir. Appellants deny that appellee is the surviving daughter of Mrs. Clair, and, as the latter's collateral kin, assert title in themselves by lawful inheritance as her surviving heirs.

The case thus presents but one principal question for determination, and it is this: Is Mrs. Opal L. McDowell the surviving daughter of Mrs. Lydia J. Clair? There is no other disputed fact in the record. The answer to this question settles the case.

Trial was had before a jury, and the case was submitted upon one single issue, which was the following:

"Did the decedent, Lydia J. Clair, give birth to the plaintiff Mrs. Opal Lillian McDowell?"

To this question the jury returned an affirmative answer.

Appellants requested a peremptory instruction. They make the action of the court declining to give it the basis of their first assignment of error, and in their second assignment of error is embodied the contention that the verdict of the jury upon the issue presented and the judgment of the court entered thereon are contrary to, and not supported by, the great weight of the evidence and are contrary to law.

We think the second assignment of error, the substance of which is embodied in the preceding statement, is probably too general and indefinite to require any consideration by this court. However, in examining the briefs and the record, necessarily we have been compelled to devote ourselves to the problem of testing and weighing the evidence in the case with a view to determining whether or not the answer of the jury to the single question submitted can be said to be bottomed upon any substantial proof.

[1, 2] If the evidence was sufficient to establish prima facie that appellee is the daughter of Mrs. Clair, then, of course, the requested peremptory instruction was properly refused, and if there is any substantial evidence in the record to sustain the verdict returned by the jury, although the record may disclose strong proof in conflict with it, yet

the jury, made by law the judges of the credibility of witnesses and the weight to be given their testimony, has disposed of the evidence by resolving it into the conclusion of fact reflected by the answer to the special issue, and we are precluded from disturbing the finding into which the jury, within its own province resolved the facts of the case. Whether or not we might have given the evidence an effect different from or contrary to that expressed by the jury's answer is of no importance. We must respect the verdict of the jury in the absence of a showing that the evidence to support it is so frail as to reveal that truth and justice have not been attained in the disposition made of it by them.

There is evidence that both Mrs. Clair and her husband, J. J. Clair, both of whom were dead at the time of the trial and before the litigation arose, continuously declared appellee to be their daughter through the space of time from her infancy until shortly before their respective deaths; the declarations being made to their neighbors and acquaintances in Dallas, Tex., where they had their residence. There is evidence in the record, although it is disputed, to the effect that both Mrs. Clair and her husband called appellee their daughter until their respective deaths. It seems that appellee always addressed them, respectively, as father and mother, and that they always referred to her as their daughter and so addressed her. Opposed to this evidence is proof of statements made to different witnesses in other states to the effect that appellee was not born to Mrs. Clair, but was taken immediately after birth by Mrs. Clair to be raised. Mrs. McDowell swore she was born in Dallas on March 30, 1894. Appellants introduced in evidence an application to the Dallas Telephone Company made by her in writing for employment in which she stated she was born in Parsons, Kan., on March 30, 1895. This was for the purpose of discrediting her. The circumstance of conflicting statements of this nature cannot be taken as absolute nullification of appellee's testimony. If it were necessary to reconcile them or otherwise dispose of them in their bearing upon the whole of appellee's testimony, that function was the jury's. Every person's knowledge of the date and place of his birth necessarily rests upon hearsay information, and the fact of conflicting statements as to them need not absolutely control the view of a jury as to the truthfulness of a party who makes them. Besides, we do not see any necessary materiality in the proposition as to where or when appellee was born. Appellants offered no proof, except hearsay, as to the place of her birth, and that was indefinite. Their own evidence, nearly altogether, was that no other child was ever born to the Clairs. There was proof they had adopted or taken into their care one which died before appellee was born. All the relations and circumstances surrounding the Clairs and all the conditions under which people among whom they lived had occasion to observe them reflected the relation between Mr. and Mrs. Clair, on the one hand, and appellee, on the other, to be that of parents and child. Letters, court records, and matters relating to business transactions revealing the most conclusive assertions on the part of Mr. and Mrs. Clair that appellee was their daughter were before the court and jury. J. J. Clair, when he died, left a will in which he declared Mrs. McDowell was his daughter. This document was before the jury with the other evidence tending to establish the relationship contended for by appellee Mrs. McDowell.

[3, 4] The hearsay statements contained in the testimony of various witnesses to the effect that Mr. and Mrs. Clair throughout their lives in Dallas declared, both by words and conduct, that appellee was their daughter, were sufficient, especially considered with other circumstances in evidence before the jury, to establish prima facie the affirmative of the issue presented to the jury. That such hearsay evidence is potent to prove pedigree or parentage is well recognized and cannot be questioned. Ency. of Evidence, vol. 9, p. 738 et seq.; Jones on Evidence (2d Ed.) §§ 312 to 315, inclusive; Chamberlayne's Modern Law of Evidence, §§ 2948 and 2952; Wigmore on Evidence, vol. 2, § 1480 et seq.; 1 Greenleaf on Evidence (15th Ed.) § 103 et seq.; Weiss v. Hall (Tex. Civ. App.) 135 S. W. 384; Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 665.

The evidence relied upon by appellants, in its nature, was similar to that proffered in behalf of appellee. It consisted practically altogether of hearsay declarations made by Mr. and Mrs. Clair to the effect that Opal Lillian McDowell was not their daughter, and also certain strong circumstances tending to corroborate such declarations. Some of the witnesses who testified to declarations made by Mr. and Mrs. Clair, as well as to circumstances corroborating and supporting such declarations against appellee's contention, were in an attitude before the jury of being considered as under the influence of bias because of their relationship to appellants. The attitude of others was that of interest in the suit.

Since pedigree may be proved by mere declarations of deceased members of the family, relationship to which is sought to be established, and since there was an abundance of such hearsay evidence and circumstances to establish the correctness of the answer made by the jury to the issue submitted, and there being no direct and positive evidence in the record as to the parentage of Opal Lillian McDowell, and the evidence offered in opposition to that supporting the jury's answer also being hearsay and

circumstantial, we think the facts are sufficient to support the answer of the jury.

We have given thorough consideration to all the assignments of error contained in appellants' brief, and what we have said above has the effect to make definite disposition of all of them contrary to the respective contentions which they embody.

We accordingly affirm the judgment.

### On Motion for Rehearing.

Appellants complain that that portion of the opinion wherein we state that some of the witnesses who testified in their behalf were in an attitude before the jury of being considered as under the influence of bias because of their relationship to appellants, and that the attitude of others was one of interest in the suit, is not supported by the record. The reason for this contention is that the record shows that several witnesses were not related to appellants and were not interested in the suit. This is true. We did not mean to say in the original opinion, and in it we do not say, under a fair reading, that all the witnesses who testified in behalf of appellants were either under the influence of bias or were interested in the suit. However, in view of the apparent misunderstanding on the part of appellants, we here state what we think ought to be apparent from our original opinion; that is, some of the numerous witnesses who testified for appellants upon the trial were related to appellants, and others had an interest in the suit. Still others were not relatives of any party to the suit and had no interest in it.