Harold Koremax, J.
Petitioners have instituted this article 78 proceeding in which it is sought that respondents he directed to give petitioners credit for a particular answer given by them on a civil service competitive promotion examination. The respondents have filed an answer, and raise objections in point of law, seeking a dismissal of the petition and a denial of the relief sought herein.
Two examinations are involved in this proceeding, New York State promotional examinations numbered 9053 and 9054. All of the petitioners took one or the other of the examinations which contained many identical questions. We are concerned here only with question 28, which was identical in each examination, and which required an identical answer.
" It appears that the examinations were conducted subject to the “ pre-rating appeal procedure ”, which permitted a review of the examination by the candidates prior to any marking or rating. Upon such review, the questions and the tentative key answers, acceptable by respondents as correct, are disclosed, and the candidates are afforded an opportunity to object to, or discuss, any of the questions and the tentative key answers. Following this procedure, the final key answers are selected by respondents, and the candidates are rated in accordance with the answers given by them compared to the final key answers.
Question 28 was designed to test the knowledge of the candidate of practice and procedures generally applicable to courts of record in New York State. It read, “ The Court may direct the jury in a criminal proceeding to be discharged before the case is submitted to them if it appears from the testimony that
1. the facts proved constitute a crime of a higher nature than that charged in the indictment
2. the Court does not have jurisdiction of the crime charged in the indictment
3. the facts as charged in the indictment do not constitute a crime. ”
*313 The choice of answer was to be selected from the following:
“ A. 2 only ’ ’
“ B. 1 and 2 only ”
“ C. 2 and 3 only ’ ’
“ D. 1, 2 and 3 ”
All of the petitioners selected “ D ” as their answer, and respondents also selected “D” as the tentative key answer. Some of the candidates, not parties to this proceeding, filed objections to the selection of “D” by respondents as the tentative key answer, and following such objections, respondents established answer “ C ” as the final key answer to Question 28, and the candidates were marked and graded accordingly. Petitioners assert that the eliminataion of answer “ D ”, and the acceptance of answer “ C ” only, was an arbitrary act and an abuse of discretion on the part of respondents. They contend further that, even though answer “ C ” was finally selected as correct, answer “ D ” should be equally acceptable and entitles them to equal credit for such answer.
Petitioners are not required to show that there is no reasonable basis for the key answer selected, but merely that the answer given by them is better, or at least as good as respondents’ selection. Furthermore, where there are two equally acceptable answers to a question, the selection of one as the only correct answer must be the result of an arbitrary decision. (Matter of Acosta Al v. Lang, 13 N Y 2d 1079; Matter of Fink v. Finegan, 270 N. Y. 356; Matter of Gruner v. McNamara, 298 N. Y. 395.) The issue to be determined here is whether question 28 is susceptible of more than one answer. There could not be a “ better ”, or “ as good ” an answer in a situation where there can be but one answer. Obviously answer “ D ” contemplated the procedure set forth in section 400 of the Code of Criminal Procedure, while answer “ C ” did not. Under the provisions of section 400 of the Code of Criminal Procedure the court may direct the jury in a criminal proceeding to be discharged before the case is submitted to them if it appears from the testimony that the facts proved constitute a crime of a higher nature than that charged in the indictment. Thus, if the court may discharge a jury under the circumstances set forth in section 400 of the Code of Criminal Procedure, answer “ D ” would be correct, and if it may not do so, then answer “ C ” is correct. There is nothing indefinite or ambiguous about the question as not to be capable of a “best” answer.
*314 Section 400 of the Code of Criminal Procedure was declared unconstitutional and void since it subjected a defendant to double jeopardy (People ex rel. Blue v. Kearney, 181 Misc. 981, affd. 292 N. Y. 679). There is no question in the court’s mind that in affirming the order of Special Term without opinion, the Court of Appeals agreed with the determination of Special Term that section 400 of the Code of Criminal Procedure was unconstitutional. That was the only issue 'before the court for review. It is of no moment that that section of the code has not been repealed (see Nichol v. Board of Educ., 125 Misc. 678). It was held to be void, and, therefore, the situation is the same as if the statute had never been enacted (Cleveland v. City of Watertown, 99 Misc. 66, affd. 179 App. Div. 954, revd. on other grounds 222 N. Y. 159).
The court must concern itself, not only with the rights of the petitioners, but also with the rights of the other candidates who took these examinations. To give petitioners credit for their answers necessarily would prejudice those who answered correctly. Since the question is susceptible of only one correct answer, to require respondents to accept another answer as equally correct, would result in a direction by this court that respondents act in an arbitrary and capricious manner. The petition is accordingly dismissed.