163 N.J. Super. 148 (1978)
394 A.2d 381
IN THE MATTER OF THE ESTATE OF WILLIE J. SHARP, DECEASED.
Superior Court of New Jersey, Appellate Division.
Submitted October 5, 1978.
Decided October 17, 1978.
*149 Before Judges LORA and LARNER.
Messrs. Backes and Backes, attorneys for plaintiff-appellant (Mr. Michael J. Nizolek, of counsel and on the brief).
Mr. George Warren, attorney for S.O., defendant-respondent.
Mr. W. Marshall Prettyman, Deputy Director, Rutgers Legal Aid Clinic, submitted a brief for amici curiae, Essex-Newark Legal Services Corp. and American Civil Liberties Union of New Jersey (Mr. Patrick C. English on the brief).
*150 The opinion of the court was delivered by LARNER, J.A.D.
The trial judge, in an opinion reported at 151 N.J. Super. 579, invoked the legislative mandate of N.J.S.A. 3A:3-10 and held that a will of testator Willie J. Sharp was void because it failed to mention or make provision for his afterborn child, S.O., who survived him. As a consequence a judgment was entered denying probate and declaring that the decedent died intestate, with S.O. as the sole next of kin entitled to inherit under the laws of intestacy.
The prime legal issue below and on appeal is whether S.O., admittedly an illegitimate child of decedent father, is an afterborn "child" within the purview of N.J.S.A. 3A:3-10, and thus entitled to inherit by way of intestacy.
We agree that the opinion of the United States Supreme Court in Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), mandates that the continued application of the common law rule which bars an illegitimate child from inheriting from an intestate father is unconstitutional as violative of the equal protection provision of the Fourteenth Amendment of the Federal Constitution. This holding is founded upon the broad concept of discrimination against illegitimate children vis-a-vis legitimate children and does not rest on the narrow ground of sex discrimination. As a consequence the prior New Jersey precedents sustaining the validity of the ancient and harsh common law rule are overruled and no longer viable.[1]
We affirm the determination below substantially for the reasons set forth in Judge Greenberg's opinion, except for that portion of the judgment which declares N.J.S.A. 3A:4-7 to be unconstitutional. As we view the narrow issue of *151 constitutionality as it applies to the law excluding illegitimate children of a father from intestate inheritance, it is the common law which is unconstitutional in its invidious discrimination against illegitimate children in general and the right of inheritance of such children from their father in particular.
Since N.J.S.A. 3A:4-7 is a legislative enactment which modifies the common law rule so far as it applies to the right of inheritance of illegitimate children from an intestate mother and her ancestors, descendants and collaterals, it satisfies in part the constitutional infirmity found by the Supreme Court in Trimble v. Gordon, supra. Hence, it is not the statute as adopted which is unconstitutional. It is rather the failure of the Legislature to grant the same rights to children with respect to their father which has been found to be invalid.
Such omission in this instance does not warrant a judicial determination declaring the statute per se to be unconstitutional nor a judicial effort to enlarge the reach of the statute in order to comply with constitutional imperatives. It is more orderly and in keeping with the reluctance of the judiciary to enter the legislative arena to simply declare that the common law rule applicable to illegitimate children of a male parent is unconstitutional and that all illegitimate children (if paternity is established factually) have the same right to intestate inheritance from their parents as legitimate children.[2] In this manner the proper result is achieved without *152 affecting the existing legislation and without reaching the question whether or not the voiding of the statute restores the prior common law.
The will of Willie J. Sharp is "void" pursuant to N.J.S.A. 3A:3-10 since no provision or mention was made therein for S.O., who is an afterborn child and who survived decedent. The order declaring S.O. to be the sole heir entitled to the estate by way of intestacy is therefore warranted.
The judgment is affirmed as modified herein.
NOTES
[1] See, for example, In re Estate of Dussell v. Dougherty, 145 N.J. Super. 363, 365 (App. Div. 1976), where this court held that N.J.S.A. 3A:4-7 is constitutional. See also, Schmoll v. Creecy, 104 N.J. Super. 126, 135 (App. Div.), rev'd 54 N.J. 194 (1969); In re Thompson, 136 N.J. Super. 412 (Cty. Ct. 1975).
[2] The issue of the viability of N.J.S.A. 3A:4-7 will be of no moment after September 1, 1978, when the New Probate Code (N.J.S.A. 3A:2A-1 et seq.) (L. 1977, c. 412), as amended by L. 1977, c. 30, goes into effect. This legislation repeals N.J.S.A. 3A:4-7 and provides for intestate inheritance by illegitimate children through their mother and father in the following:

[A] person born out of wedlock is a child of the mother. That person is also a child of the father, if:
(1) The natural parents, before or after the birth of the child, participated in a ceremonial marriage or shall have consummated a common-law marriage where such marriage is recognized as valid in the manner authorized by the law of the place where such marriage took place, even though the attempted marriage is void; or (2) The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof, except that the paternity established under this subparagraph is ineffective to qualify the father or his kindred to inherit from or through the child unless the father has openly treated the child as his, and has not refused to support the child. [N.J.S.A. 3A:2A-41(b)]