Kathryn Ann JONES et al., Appellants,

v.

Marie V. DAVIS, Appellee.

No. 17835.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 12, 1981.

Rehearing Denied April 9, 1981.

M. W. Plummer, Houston, for appellants.

E. W. Newman, Houston, for appellee.

Before WARREN, DOYLE and EVANS, JJ.

EVANS, Justice.

This action to determine heirship was brought by Kathryn Ann Jones and Craig Arthur Faultry, claiming to be the natural child and natural grandchild, respectively, of Warren D. Davis, Sr., who died intestate on July 2, 1978. The defendant, Marie V. Davis, is the decedent's surviving wife and the administratrix of his estate.

The trial court entered summary judgment in favor of the administratrix, concluding as a matter of law that the plaintiffs were not the heirs at law of the decedent and, therefore, were not entitled to inherit his estate.

The sole question for this court's determination is whether the provisions of § 42, Texas Probate Code Ann., in effect at the time of the decedent's death, were unconstitutional under the holding in *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). In *Trimble* the United States Supreme Court held that an Illinois statute which allowed illegitimate children to inherit in intestate succession only from their mothers, and which permitted legitimate children to inherit from both their mothers and their fathers, violated the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution because it "unnecessarily" excluded categories of illegitimate children. The court found that there were "at least some significant categories" of illegitimate children of intestate men where inheritance rights could be recognized without jeopardizing the orderly settlement of estates of decedents or the dependability of titles passing by intestacy, 97 S.Ct. 1465. Determining that the Illinois statute had not been "carefully tuned to alternative considerations," the court concluded that difficulties of proof of paternity in some situations did not justify the total statutory disinheritance of illegitimate children of intestate fathers. *Id.* at 1466.

In a case decided subsequent to *Trimble*, the United States Supreme Court upheld a provision in a New York statute which required that the paternity of the father be declared in a judicial proceeding prior to his death. That statute did not inevitably disqualify "an unnecessarily large number of children born out of wedlock," as did the Illinois statute. It barred inheritance only where there had been a failure to secure evidence of paternity during the father's lifetime in the manner prescribed by the statute. *Lalli v. Lalli*, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978).

When a person dies intestate in Texas, all of his estate vests immediately in his heirs at law. Section 37, Texas Probate Code Ann.; *Parr v. White*, 543 S.W. 445, 448 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). To determine the persons entitled to share in the estate of a person who died intestate, the court must look to the law in effect at the time of the decedent's death. *Ramon v. Califano*, 493 F.Supp. 158 (W.D.Tex.1980); *Hanrick v. Hanrick*, 61 Tex. 596 (1884).

Section 42 of the Texas Probate Code, in effect at the time of the decedent's death, provided in pertinent part as follows:

(a) Maternal Inheritance. For the purpose of inheritance to, through and from an illegitimate child, such child shall be treated the same as if he were the legitimate child of his mother, so that he and his issue shall inherit from his mother and from his maternal kindred, both descendants, ascendants, and collaterals in all degrees, and they may inherit from him and his issue.

(b) Legitimation by Marriage. Where a man, having by a woman a child shall afterwards intermarry with such woman, such child shall thereby be legitimated, so that he and his issue shall inherit from his father and from his paternal kindred, both descendants, ascendants, and collaterals in all degrees, and they may inherit from him and his issue.

■ At common law an illegitimate child was incapable of inheriting through either the father or the mother. *James v. James*, 253 S.W. 1112 (Tex.Civ.App.—San Antonio 1923, writ ref'd.). The statutes authorizing legitimation of children born out of wedlock were enacted to abrogate the harsh rules of the common law, and such statutes should be liberally construed to effectuate their obvious purpose. *Home of Holy Infancy v. Kaska*, 397 S.W.2d 208 (Tex.1965).

■ A child seeking to establish a right of inheritance from his mother under the statute in question was permitted to prove pedigree through the declaration of a deceased relative or by such other proof as might be admissible evidence of heirship. 1A R. Ray, *Texas Practice*, §§ 1346 *et seq.* (3d ed.1980); *Smith v. McDowell*, 240 S.W. 563 (Tex.Civ.App.—Dallas 1922, no writ); *Coker v. Cooper's Estate*, 176 S.W. 145 (Tex. Civ.App.—San Antonio 1915, writ ref'd). On the other hand, under the provisions of the statute, a child seeking to prove his entitlement to inherit from his father could not do so except by showing that his father and mother had subsequently married one another. Thus, the statute must be held unconstitutional to the extent that it conflicts with the holding of the U. S. Supreme Court in *Trimble v. Gordon*, supra. *Lovejoy v. Lillie*, 569 S.W.2d 501, 503 (Tex.Civ.App. —Tyler 1978, writ ref'd n. r. e.).

Since the summary judgment proof does not establish as a matter of law that the plaintiffs are unable to prove that they are the heirs at law of the decedent, the cause will be reversed and remanded for further proceedings.

Reversed and remanded.