JOHN ADKINS, *et al.*

*v.*

SHIRLEY MCELDOWNEY, *et al.*,

*and* MARTHA RAMSEY, *et al.*

(No. 14959)

LAWRENCE JAMES HIGH

*v.*

MURREL E. WINFREE

*and* DULCIE JOHNSON

(No. 15044)

LARRY DWAINE KING, *et al.*

*v.*

OPAL RIFFEE, INDIVIDUALLY, *etc., et al.*

(No. CC919)

Decided July 13, 1981.

*James M. Robinson* for Ramsey.

*Richard M. Allen* for Adkins, et al.

*Stephen P. Swisher, Swisher & Stucky,* for High.

*Roy S. Samms, Jr.,* for Winfree.

*Andrew J. Goodwin* for Johnson.

*Joseph C. Hash, Jr.,* for King, et al.

*Oliver D. Kessel, Robert M. Harvey,* for Riffee, et al.

HARSHBARGER, CHIEF JUSTICE:

We have consolidated three cases to determine rights of illegitimate children to inherit from their fathers. Our statute, Code, 42-1-5,[1] limits illegitimates' inheritance rights to their mothers' estates, but its constitutionality is questioned against federal and state equal protection clauses, U. S. Const. amend. XIV, and W. Va. Const. art. III, §17.

The United States Supreme Court found that equal protection is violated by a statute that denies an

---

[1] W. Va. Code, 42-1-5:
"Bastards shall be capable of inheriting and transmitting inheritance on the part of their mother, as if lawfully begotten."

illegitimate child intestacy rights in his or her father's estate. *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977).[2]

The status of illegitimacy has expressed through the ages society's condemnation of irresponsible liaison beyond the bounds of marriages. But visiting this condemnation on the head of an infant is illogical and unjust. Moreover, imposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burden should bear some relationship to individual responsibility or wrongdoing. Obviously, no child is responsible for his birth and penalizing the illegitimate child is an ineffectual–as well as an unjust–way of deterring the parent.
*Weber v. Aetna Casualty and Surety Company,* 406 U.S. 164, 175, 92 S. Ct. 1400, 31 L.Ed.2d 768 (1972).

"Difficulties of proving paternity in some situations do not justify the total statutory disinheritance of illegitimate children whose fathers die intestate." *Trimble, supra* 430 U.S., at 772. Our Code, 42-1-5, restricts illegitimates' rights to a greater extent than the Illinois statute declared unconstitutional in *Trimble,* and so certainly the Supreme Court's rule forbids application of our statute. *Lance v.*

---

[2] In dicta, we have acknowledged the rights of illegitimates to inherit from their fathers. *State ex rel. Graves v. Daugherty,* 164 W.Va. 726, 266 S.E.2d 142, 145 n.2 (1980).

Other states have reevaluated their statutes to comply with *Trimble* and *Lalli v. Lalli,* 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978): *Everage v. Gibson,* Ala., 372 So.2d 829 (1979), *cert. denied,* 445 U.S. 931; *Lucas v. Hancock,* 266 Ark. 142, 583 S.W.2d 491 (1979); *Nagle v. Wood,* 178 Conn. 180, 423 A.2d 875 (1979); *In re Estate of Burris,* Fla., 361 So.2d 152 (1978); *Rudolph v. Rudolph,* Ky. App., 556 S.W.2d 152 (1977); *Succession of Thompson,* La., 367 So.2d 796 (1979); *Lowell v. Kowalski,* Mass., 405 N.E.2d 135 (1980); *Easley v. John Hancock Ins. Co.,* 403 Mich. 521, 271 N.W.2d 513 (1978); *Weber v. Anderson,* Minn., 269 N.W.2d 892 (1978); *In the Matter of Estate of Lalli,* 400 N.Y.S.2d 761, 371 N.E.2d 481 (1977), *affirmed,* 439 U.S. 259; *Allen v. Harvey,* Tenn., 568 S.W.2d 829 (1978); *Lovejoy v. Lillie,* Tex. Civ. App., 569 S.W.2d 501 (1978); *Estate of Blumreich,* 84 Wis.2d 545, 267 N.W.2d 870 (1978), *appeal dismissed,* 439 U.S. 1061; *but see Estate of Sharp,* 163 N.J. Super. 148, 394 A.2d 381 (1978).

*Board of Education of County of Roane*, 153 W.Va. 559, 170 S.E.2d 783 (1969).

Federal equal protection analysis for classifications based on illegitimacy finds them only valid if substantially related to permissible State interests. *Lalli v. Lalli*, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503, 509 (1978); *Trimble v. Gordon, supra; Matthews v. Lucas*, 427 U.S. 495, 506, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976).

Another classification that receives a federal middle-tier (or modest) equal protection scrutiny, is gender-based discrimination. *Orr v. Orr*, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), *rehearing denied*, 429 U.S. 1124. We, however, rejected a middle-tier test in *Peters v. Narick*, 165 W.Va. 622, 270 S.E.2d 760 (1980),[3] in which Justice McGraw analyzed characteristics of classes that make them suspect and subject to strict scrutiny—conditions of birth, history of past discrimination, political powerlessness. *Id.*, at 765. We believe that a status of illegitimacy fits these criteria because illegitimates acquire that label through no fault of their own as a condition of birth; and profound legal and political disabilities, of which this statute is an example, have thereby occurred. Social opprobriations heaped on children for their parents' mistakes add to these citizens' travails.

Therefore, through rationale parallel to *Peters*, we conclude that illegitimacy is a suspect classification entitled to strict scrutiny by our Constitution, Article III, Section 17.

Legitimate children may inherit through mother and father, Code, 42-1-1, but illegitimate children may inherit only through their mother, Code, 42-1-5: discrimination that offends Article III, Section 17, West Virginia Constitution.

Trial courts that rightly acknowledged that Code, 42-1-5 is unconstitutional, believed they were required to apply

---

[3] We have the freedom to interpret our state equal protection clause to provide greater but not lesser guarantees than comparable federal provision. *State ex rel. Graves v. Daugherty, supra.*

common law that denied *any* inheritance to illegitimates, through father or mother. Common law that violates our constitution cannot prevail, and we reverse those decisions that illegitimate children may not inherit from either their mother or father. *See generally Morningstar v. Black and Decker Mfg. Co.*, 162 W.Va. 857, 253 S.E.2d 666, 669-676 (1979).

In *Peters, supra*, we had an unconstitutional separate maintenance statute that evidenced a legislative intent to give rights to certain people—intent that was constitutionally too narrowly implemented. Rather than invalidate that beneficial statute, we applied the doctrine of neutral extension, *Id.*, at 270 S.E.2d, 767. Code, 42-1-5 exhibits a legislative intent to permit illegitimate children to inherit, but it is too narrowly drawn. Those reasons that justify neutral extension in *Peters* apply here; Code, 42-1-5 must be applied to permit illegitimate children to inherit from both father and mother.

Our legislature may want to provide a statutory scheme compatible with our holding today, outlining how illegitimate children may prove entitlement to inherit from their fathers. Until such time as it does, trial courts must evalutate each cause on a case-by-case basis. We remand the two appeals for proceedings consistent herewith, and answer the certified question in the affirmative.

*Judgments reversed and remanded; ruling affirmed.*