OPINION OF THE COURT
Louis D. Laurino, J.
In this accounting proceeding the administratrix was appointed on the designation of decedent’s mother and the two adult out-of-wedlock children, all of whom are domiciled in Puerto Rico. In the present proceeding she has caused a citation to issue to these two children and a third out-of-wedlock child of the decedent to show cause “why they should not be barred from any distributive share of the estate”. The two children domiciled in Puerto Rico, Gabriel Del Valle and Yvette Del Valle, have defaulted, the third child, Samuel Del Valle, is an infant and the *79 guardian ad litem appointed to protect his interests has raised objections as to this relief and to other items contained in the account itself.
The administratrix now moves for summary judgment dismissing the objections filed by the guardian ad litem on behalf of Samuel on the grounds that Samuel would not qualify as an out-of-wedlock child of the decedent under EPTL 4-1.2 as enacted at the time of the decedent’s death and that the later more liberal amendments to the statute are not retroactive (Matter of Smith, 114 Misc 2d 346). The guardian contends that a child’s legitimacy is determined by the law of his place of birth or domicile (Miller v Miller, 91 NY 315) and that under the law of Connecticut where Samuel was domiciled at the time of his father’s death, Samuel would be considered legitimate. The decedent, Gabriel Del Valle, died July 2, 1978. His son, Samuel Del Valle, was born in New York on February 28, 1969. His parents were not married. Within a year of his birth the decedent filed with the Department of Health acknowledging that he was the father of Samuel and requested that fact to be shown on his birth certificate. The child resided in New York with his father, the decedent, and his mother until 1972, when he moved to Connecticut where he is still domiciled with his mother. The guardian ad litem also alleges that the decedent maintained contact with the infant after he moved to Connecticut and aided in his support, which facts were not denied.
At the time of decedent’s death, section 45-274 of the Connecticut General Statutes Annotated did not distinguish between the legitimate and illegitimate children of a mother, all were her children. However, as to a father, only those children born in wedlock or being born out of wedlock “whose parents afterward intermarry shall be deemed legitimate”. (See Nagle v Wood, 178 Conn 180.)
On April 13, 1977, the Supreme Court of the United States decided Trimble v Gordon (430 US 762), which found a similar Illinois statute unconstitutional as it violated the equal rights protection clause of the Fourteenth Amendment of the Constitution.
In view of the Supreme Court’s holding in Trimble v Gordon (supra), the Probate Court in Hartford, Connecticut, determined it could not decide who the distributees in the estate of a decedent were and forwarded the matter to the Superior Court which, in turn, certified four questions on the matter to the Supreme Court of Connecticut which rendered its decision on June 26, 1979, in Nagle v Wood (supra).
*80 The estate in question was that of Russell R. Richards, who died February 13, 1976, survived by his parents and two young children, Robert R. Richards and Kelley Ann Richards, whose mother, Mrs. Richards, never married.
During his lifetime, Mr. Richards lived with the children and their mother as a family unit. He had acknowledged paternity of the children, being named as their father on their birth certificates and claiming them as dependents on his income tax returns.
The questions certified to the Connecticut Supreme Court were as follows:
“‘(a) Upon the foregoing facts, are Robert R. Richards and Kelley Ann Richards the “children” of the decedent, Russell R. Richards, within the meaning of Section 45-274 of the Connecticut General Statutes, and therefore his sole heirs at law?
“ ‘(b) If the answer to question (a) is “no”, do the provisions of Section 45-274 therefore deny to Robert R. Richards and Kelley Ann Richards equal protection of the law, in violation of the Fourteenth Amendment of the United States Constitution?
“ ‘(c) If the answer to question (a) is “no”, do the provisions of Section 45-274 therefore deny to Robert R. Richards and Kelley Ann Richards equal protection of the law, in violation of Section 20 of Article I of the Connecticut Constitution?
“ ‘(d) If the answers to questions (a), (b) and (c) are “no”, are defendants, Russell R. Richards and Helyn R. Richards [the decedent’s parents] the decedent’s sole heirs at law, under the provisions of Section 45-276?’ ” (Nagle v Wood, 178 Conn 180, 181, n 1, supra.)
During the pending of the proceedings, section 45-274 of the Connecticut General Statutes Annotated was amended to provide “b (2) A child born out of wedlock shall inherit from (A) his or her mother and (B) his or her father, provided such father (i) has been adjudicated the father of such child by a court of competent jurisdiction, or (ii) has acknowledged under oath in writing to be the father of such child.” The amendment became effective October 1, 1978. Besides, for the first time distinguishing between the children of a woman born in or out of wedlock, the statute in its reference to the proof required regarding the out-of-wedlock children of a male appeared to be similar to EPTL 4-1.2 as it then stood, the constitutionality of which was subsequently uphéld in Lalli v Lalli (439 US 259).
On the appeal to the Supreme Court of Connecticut, the parents of Russell Richards asked that the amended statute be *81 applied to the case at bar. This the court declined to do on the grounds that the statute was prospective only, “[t]he amendment in question, at its passage, related to future inheritances by illegitimate children and it conferred or took away no present right. There is a general presumption that a statute affecting substantive rights is intended to apply prospectively only” (Nagle v Wood, 178 Conn 180, 187, supra).
As to the four questions certified by the Superior Court, the Supreme Court found that although the Connecticut statute did not distinguish between the legitimate and illegitimate children of a woman, it did distinguish between the children born in wedlock and out of wedlock to a man. The answer to the first question was “No”, Kelley and Robert Richards are not the “children” of Russell R. Richards within the meaning of section 45.274 of the General Statutes of Connecticut (Nagle v Wood, supra, p 188).
The court went on to state: “[t]he answer to both the second and third questions is ‘yes’; the provisions of General Statutes § 45-274 as applied to Robert and Kelley Ann Richards violate the equal protection clause of both the United States and .the Connecticut constitutions” (Nagle v Wood, 178 Conn 180, 188, supra). The court cited Trimble v Gordon (supra), as controlling.
The court answered the fourth questions with the Delphian response, “[t]he answer to the fourth question as propounded need not be answered.” (Nagle v Wood, 178 Conn 180, 188, supra.)
A statute or part of a statute found to be unconstitutional is void (see Cleveland v City of Watertown, 99 Misc 66, affd 179 App Div 954, revd on other grounds 222 NY 159).
However, in applying Trimble v Gordon (supra), to their statutes that were similar, most State courts have declined to apply it retroactively, applying it only to estates where the decedent died after April 26, 1977, the date of the Supreme Court’s decision in Trimble v Gordon, or to matters that were pending on the date of that decision where the decedent had died prior to it. (See Matter of Sharp, 151 NJ Super 579; Pendleton v Pendleton, 560 SW2d 538 [Ky]; Jones v Davis, 616 SW2d 276 [Tex]; Matter of Brown, 388 So 2d 1151 [La]; Stewart v Smith, 269 Ark 363.)
The reason for limiting the retroactivity of the ruling in Trimble (supra) is the chaotic effect complete retroactivity would have on the State’s interest “[in a] just and orderly disposition of property at death” (Lalli v Lalli, 439 US 259, 268, *82 supra). An interest which the Supreme Court recognized as legitimate in both Trimble v Gordon (supra, p 771); and Lalli v Lalli (supra, at p 268).
Applying this limited window of access to the Connecticut statute, it appears that at the time of the death of Gabriel Del Valle, the decedent herein, the statute in Connecticut was partially or wholly void by reason of the Supreme Court’s decision in Trimble v Gordon (supra).
This statute would determine the status of Samuel Del Valle, the son of Gabriel Del Valle, who was domiciled in Connecticut at the time of his father’s death.
If the Connecticut statute was wholly void, then Samuel would be thrown back to the common-law status of a child born out of wedlock, “filius nullius”, the child of no one. However, this common-law classification is also unconstitutional under the equal protection clause of the Constitution, “ ‘imposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing. Obviously, no child is responsible for [its] birth and penalizing the illegitimate child is an ineffectual — as well as unjust — way of deterring the parent.’ ” (Trimble v Gordon, 430 US 762, 769-770, supra, quoting Weber v Aetna Cas. & Sur. Co., 406 US 164, 175.)
In Matter of Sharp (163 NJ Super 148, 151), the Superior Court of New Jersey, Appellate Division, commenting on the New Jersey statute held
“it is not the statute * * * which is unconstitutional. It is rather the failure of the Legislature to grant the same rights to children with respect to their father which has been found to be invalid * * *
“It is more orderly and in keeping with the reluctance of the judiciary to enter the legislative arena to simply declare the common law rule applicable to illegitimate children of a male parent is unconstitutional and that all illegitimate children (if paternity is established factually) have the same right to intestate inheritance from their parents as legitimate children.”
In Adkins v McEldowney (280 SE2d 231, 233 [W Va]), the Supreme Court of Appeals of West Virginia held “that Courts that rightly acknowledged that Code 42-1-5 [West Virginia’s statute which was similar to the Illinois statute in Trimble v Gordon] is unconstitutional believed they were required to apply common law that denied any inheritance rights to illegitimates, through father or mother. Common law that violates our *83 constitution [equal protection clause] cannot prevail, and we reverse these decisions that illegitimate children may not inherit from either mother or father.”
Under these guidelines, this court cannot hold that in finding its statute unconstitutional it was the intent of the Supreme Court of Connecticut in Nagle v Wood (supra) to restore the common law. Rather, this court finds that the Connecticut court found the statute unconstitutional insofar as it distinguished between the children of a male and the children of a female. As the Connecticut statute did not distinguish between the legitimate or illegitimate children of a female, all being her children, so, too, no distinction could be made between the children of a male. The only open problem would be proof of the relationship which was not a question in Nagle v Wood, it having been conceded. It is also not a problem in the present matter since the fact that Gabriel Del Valle is the father of Samuel Del Valle is also conceded.*
Since no valid distinction could be made in Connecticut between the legitimate and illegitimate children of a man at the time of Gabriel Del Valle’s death, this court cannot make such a distinction now.
Neither the amendment to EPTL 4-1.2 nor section 45-274 of the Connecticut General Statutes Annotated are retroactive (see Matter of Smith, 114 Misc 2d 346, supra; Nagle v Wood, supra), therefore, Samuel must be considered the legitimate child of the decedent and the motion for summary judgment dismissing the objections filed on his behalf by the guardian ad litem is denied.
The court further holds that although the decedent’s two other children, Gabriel and Yvette, have defaulted in this matter, the relief requested in the citation that they be barred from *84 any distributive share cannot be granted. From the statements made by the petitioner in her prior proceeding for letters of administration and from the allegations made by her in this proceeding, it is clear that they were born in Puerto Rico and are domiciled there.
The petitioner stated in an affidavit in connection with the application for letters of administration “to my knowledge, the decedent contributed regularly to their support and openly acknowledged them to be his children”.
The pertinent Puerto Rican statute (PR Laws Ann, tit 31, § 441) states: “All children have, with respect to their parents and to the estate left by the latter, the same rights that correspond to legitimate children.”
The Supreme Court of Puerto Rico in Accosio v Diaz (88 PR 685) stated that the Legislature “repealed any law or part of law which in one way or another established or might establish classes or categories of children by reason of their birth or which might use those classes or categories as a guide or index to grant rights. If they made no distinction we are helpless to do so”.
Accordingly, the decedent’s children in Puerto Rico, their birthplace and domicile, are considered legitimate there. (See Matter of Ortiz, 60 Misc 2d 756; Matter of Ortiz, 86 Misc 2d 790; Perez v Gardner, 277 F Supp 985.) Therefore, they will be considered legitimate here (Miller v Miller, 91 NY 315, supra). They, together with the decedent’s minor child, Samuel, are his distributees and each is entitled to a one-third share of the distributable estate. The court knowing this, the fact that they are in default is immaterial. The court could no more bar them from receiving their distributive shares than it could grant a request of the administratrix to distribute the estate to charity if such request were made.
The parties are directed to complete what pretrial discovery is necessary regarding the other objections raised by the guardian ad litem to the account of the administratrix and place the matter on the Trial Calendar.

 That the concern of the Connecticut court since Nagle v Wood (supra,) has been the proof submitted to show the relationship between parent and child and not the distinctions between legitimate and illegitimate is indicated in a recent decision concerning the statute as amended. On the face of it, the Connecticut statute as amended, effective October 1, 1978, appears similar to EPTL 4-1.2 prior to the amendment effective September, 1981. Section 45-274 (subd [b], par [2]) of the Connecticut General Statutes Annotated provides a child born out of wedlock shall inherit from his or her father provided such father has been adjudicated the father of such child by a court of competent jurisdiction or has acknowledged such oath in writing to be the father of such child. In Anonymous v Administrator (38 Conn S 91), the evidence was overwhelming that the decedent was the father of the child but no adjudication of such paternity had been made during the decedent’s lifetime nor had any acknowledgement under oath been executed by the decedent. The Superior Court held that the Probate Court had jurisdiction to render an adjudication of paternity after the death of the father incidental to its duty of determining distributees.