EASLEY v JOHN HANCOCK MUTUAL LIFE INSURANCE
COMPANY

Docket No. 58994. Submitted April 12, 1978 (Calendar No. 6).—Decided November 20, 1978.

Helen Easley brought an action against the John Hancock Mutual Life Insurance Company for the proceeds of an insurance policy on the life of James Easley, the plaintiff's deceased husband. Jeffrey P. Jackson, by his next friend Ellen Jackson, intervened as a defendant and claimed a share of the proceeds as the illegitimate son of James Easley, under an order of filiation which required James Easley to pay $5 per week child support for Jeffrey. Demosthenes Easley, a minor child of the marriage of James and Helen Easley, also intervened by his next friend, Rosie L. Sampson, as a defendant. The defendant insurance company paid the proceeds into court and is no longer a party to this action. The Wayne Circuit Court, John R. Kirwan, J., granted summary judgment for Demosthenes Easley and denied the claims of Helen Easley, who was not entitled to the proceeds because she caused the decedent's death, and of Jeffrey Jackson. The Court of Appeals, R. M. Maher, P.J., and D. C. Riley and R. M. Ryan, JJ., affirmed (Docket No. 24211). Defendant Jeffrey Jackson appeals. *Held:*

The order of filiation may, by statute, be enforced when the father dies in the same way as would a judgment of divorce. A child support order in a judgment of divorce may be enforced against the estate of the decedent. Therefore, the order of filiation may be enforced against the insurance proceeds in the instant case. However, merely to allow enforcement of the order of filiation might leave Jeffrey in an inferior position to Demosthenes in sharing their father's estate. Such inequality of treatment is barred as a denial of equal protection of the laws where there has been a judicial determination of paternity, as in the instant case. Jeffrey Jackson must be allowed to share

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards §§ 68, 127, 158.

[2] 10 Am Jur 2d, Bastards § 146 *et seq.*

Discrimination on basis of illegitimacy as denial of constitutional rights. 38 ALR3d 613.

equally with Demosthenes Easley in the proceeds of the insurance policy.

70 Mich App 451; 245 NW2d 785 (1976) reversed.

1. BASTARDS — ORDER OF FILIATION — ENFORCEMENT — LIFE INSURANCE PROCEEDS.

An order of filiation including an order to pay child support may be enforced against the insurance proceeds of a policy on the life of the father after his death (MCL 552.27, 722.712[b]; MSA 25.105, 25.492[b]).

2. BASTARDS — DESCENT AND DISTRIBUTION — PARENT AND CHILD — EQUAL PROTECTION.

Unequal treatment of an illegitimate child and a child of a decedent's marriage in the distribution of the proceeds of an insurance policy is barred as a denial of equal protection of the laws where there has been a judicial determination of paternity (US Const, Am XIV; Const 1963, art 1, § 2; MCL 552.27, 702.83, 722.712[b]; MSA 25.105, 25.492[b], 27.3178[153]).

*Seymour Berger* for defendant Jeffrey Jackson.

RYAN, J. We granted leave to appeal in this case to consider whether an illegitimate child, acknowledged by a father to be his in a formal court pleading, may participate along with legitimate children of that father in the distribution of the father's estate. The trial court and Court of Appeals answered the question in the negative; we reverse.

I

James Easley, a Ford Motor Company employee, died in 1970. Earlier, in 1961, Jeffrey Jackson was born to Ellen Jackson and, in 1963, James Easley acknowledged Jeffrey to be his son in a paternity suit. Then, in 1967, James Easley married Helen Easley, and the couple had a son, Demosthenes.

After James Easley died, Demosthenes was held entitled to a total of $9,400 from a Ford Motor group life insurance policy covering Easley's life, and Jeffrey Jackson was barred from sharing in the life insurance.[1] The Court of Appeals affirmed, 70 Mich App 451; 245 NW2d 785 (1976), refusing to reverse, as urged by Jeffrey Jackson, on the basis of the equal protection or due process clauses of the Federal or Michigan Constitutions.

It is undisputed that, in a circuit court pleading, James Easley acknowledged Jeffrey Jackson to be his own son, and that the Wayne Circuit Court, on May 10, 1963, ordered James Easley to pay the friend of the court $5 each week for the use and benefit of Jeffrey Jackson until Jeffrey reached 18. Jeffrey had not reached 18 when his father died.

Section 2(b) of the Paternity Act (MCLA 722.712[b]; MSA 25.492[b]) provides:

"If the father dies, an order of filiation or a judicially approved settlement made prior to his death shall be enforceable against his estate in the same manner and way as a divorce decree."

Further, under § 27 of our divorce code (MCLA 552.27; MSA 25.105) a child support order may be enforced against the estate of a party to a divorce. Also, our decision in *Creyts v Creyts,* 143 Mich 375; 106 NW 1111 (1906), declared that a trial court may retain jurisdiction, after a party's death, to enforce a divorce decree. We said (143 Mich 376-377):

"The original decree was not discharged by the death of the complainant. No one would contend that the

---

[1] This holding was accomplished by summary judgment in circuit court. The court declared the named beneficiary, Helen Easley, could not receive the proceeds because she shot James Easley.

provision for the wife would have been discharged by his death or before payment, or before it became due. And in *Shafer v Shafer,* 30 Mich 163 [1874], an appeal by the wife, after a husband's death, was held allowable if she was dissatisfied with the decree for alimony, and, in the matter of *Seibly v Ingham Circuit Judge,* 105 Mich 584 [63 NW 528 (1895)], we held that it was a proper practice to permit the revivor of a divorce suit to permit proceedings upon the decree to adjudicate the reserved question of alimony, upon bringing in the representative. These cases necessarily imply the authority to retain jurisdiction of the property of the husband in a divorce case after the death of the husband, to see that it be applied to the support of the wife and infant children."

Therefore, since an order of filiation may be enforced as a divorce decree, and since a divorce decree may be enforced after the death of a party to the divorce, there is no reason the circuit court in the instant case may not enforce the filiation order of $5 each week against the insurance proceeds in this case until the filiation order has been completely fulfilled.

## II

The ruling that Jeffrey Jackson may share, to the extent of enforcing the filiation order, in his father's estate does not end our inquiry, because merely to allow enforcement of that order might still leave Jeffrey in an inferior position to Demosthenes in sharing in the father's estate. Such inequality of treatment mandated under *In re Harper's Estate,* 272 Mich 476; 262 NW 289 (1935), and *Ghosson v Stewart's Estate,* 319 Mich 204; 29 NW2d 282 (1947), by failure to meet the conditions contained in MCLA 702.83; MSA 27.3178(153) is barred, where filiation has been judicially de-

clared, by *Trimble v Gordon,* 430 US 762; 97 S Ct 1459; 52 L Ed 2d 31 (1977).

In *Trimble,* as in the instant case, there had been a judicial determination of paternity (430 US 763-764):

"Appellant Deta Mona Trimble is the illegitimate daughter of appellant Jessie Trimble and Sherman Gordon. Trimble and Gordon lived in Chicago with Deta Mona from 1970 until Gordon died in 1974, the victim of a homicide. On January 2, 1973, the Circuit Court of Cook County, Ill., had entered a paternity order finding Gordon to be the father of Deta Mona and ordering him to pay $15 per week for her support. Gordon thereafter supported Deta Mona in accordance with the paternity order and openly acknowledged her as his child. He died intestate at the age of 28, leaving an estate consisting only of a 1974 Plymouth automobile worth approximately $2,500."

On the strength of that judicial determination, the United States Supreme Court declared (at 772):

"Sherman Gordon was found to be the father of Deta Mona in a state-court paternity action prior to his death. On the strength of that finding, he was ordered to contribute to the support of his child. That adjudication should be equally sufficient to establish Deta Mona's right to claim a child's share of Gordon's estate, for the State's interest in the accurate and efficient disposition of property at death would not be compromised in any way by allowing her claim in these circumstances."

We are convinced that the Michigan statute was intended to serve purposes similar to those supporting the Illinois statute considered in *Trimble* and we therefore decide that it would deny equal protection of the laws not to allow Jeffrey Jackson to share equally with Demosthenes Easley in the

proceeds of the insurance policy concerning James Easley's life.

To the extent this opinion is inconsistent with *In re Harper's Estate, supra,* and *Ghosson v Stewart's Estate, supra,* those cases are no longer controlling.

The case is remanded to the Wayne Circuit Court for proceedings consistent with this opinion. Costs to appellant.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred with RYAN, J.