403 Mich. 590 (1978)
271 N.W.2d 511
In re ADOLPHSON ESTATE
STADE
v.
ANDRUIZZI
Docket No. 61000.
Supreme Court of Michigan.
Decided November 20, 1978.
Chapekis & Chapekis, P.C. (Timothy K. McMorrow, of counsel), for plaintiff.
Twohey, Maggini, Muldoon & Mudie (by Paul J. Sullivan) for defendants.
PER CURIAM:
The question posed by this case is whether an adopted child can inherit by operation of law from her deceased parent's family when the surviving parent remarries and the new spouse (here, a stepfather) adopts the child. We hold that she cannot.
The adopted child is plaintiff Veronica Ruth Smith Stade. Veronica was adopted in 1950 by Wallace Smith and Ruth Smith. Wallace Smith died in 1952. Ruth Smith, in 1954, married Bertel Stade, and Bertel adopted Veronica in 1955.
Wallace Smith was Margaret Adolphson's only brother. Margaret died intestate in Grand Rapids in 1976. Margaret was not survived by a spouse, children, parents, brothers, sisters, or children (except possibly Veronica) of deceased brothers or sisters. Margaret was survived by two aunts and two uncles, the named defendants in this case. The question, factually, is whether Veronica Stade can inherit as an heir at law of Margaret Adolphson.
The Kent County Probate Court said Veronica could not inherit from Margaret's estate. The Kent Circuit Court affirmed, and the Court of Appeals denied leave to appeal.
Under a former statute (MCL 710.9; MSA 27.3178[549]) Veronica would have been an heir to Margaret's estate. Veronica's first adoptive father, Wallace Smith, was Margaret's brother. The statute[1] *592 provided that an adopted child was equal to, in rights and duties, a natural child, and it also provided that the adopting parents stood in the place of natural parents. Thus, upon a second adoption, the first adoptive parents and the natural parents were included in the phrase "natural parents" in this proviso:
"Provided, That nothing herein shall affect his right to inherit from or through his natural parents."
Under that statute, Veronica, as an heir of Wallace Smith, could share in Margaret's estate, because Wallace Smith had become, by statute, Veronica's second "natural" father.
However, in the Michigan Adoption Code, part of 1974 PA 296, effective January 1, 1975, the proviso was dropped and express language to the contrary became the law (MCL 710.60; MSA 27.3178[555.60]):
"(2) After entry of the order of adoption there shall not be any distinction between the rights and duties of natural progeny and adopted persons, and the adopted *593 person shall become an heir at law of the adopting parent or parents, and an heir at law of the lineal and collateral kindred of the adopting parent or parents. After entry of the order of adoption, the adopted person shall no longer be an heir at law of his or her natural parents, except that a right, title, or interest vesting before entry of the final order of adoption shall not be divested by that order." (Emphasis added.)
Although Veronica argues that her right to inherit "through" Wallace Smith vested as of his death in 1952, we reject that contention. Determinations of heirs are to be governed by statutes in effect at the time of death, In re Dempster's Estate, 247 Mich 459; 226 NW 243 (1929), and an adoption statute in effect at the time of death is controlling. In re Miner Estate, 359 Mich 579; 103 NW2d 498 (1960). It is the adoption statute in effect at the time of Margaret Adolphson's death, 1976, which controls, and Veronica cannot inherit through her first adoptive parent, Wallace Smith, because the first adoptive father has become, just as in the analysis under the former statute, a second "natural" father.
Veronica Stade also argues that the first portion of the above-quoted subsection of 1974 PA 296 allows her to be an heir at law of the collateral kindred of Wallace Smith. Her argument is that regardless of the vesting which was argued to have occurred in 1952, the first sentence of the new adoption statute allows Veronica to inherit from collateral kindred of adopting parents, and the second sentence's first clause only restricts the inheritance right from the natural parent. We reject her contention on the basis that Veronica's rights as to Wallace Smith's collateral kindred cannot be greater than her rights as previously explained, because the right to share in the estate *594 of a collateral kin is only derived from her rights "through" Wallace Smith.
Therefore, the application for leave to appeal is considered and, in lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we affirm the judgments of the lower courts.
KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.
NOTES
[1] The statute, prior to its displacement by 1974 PA 296, read as follows:

"Upon the entry of the order of adoption, such child shall, in case of a change of name, thereafter be known and called by said new name, and the person or persons so adopting said child shall thereupon stand in the place of a parent or parents to such child in law, in all respects as though the adopted child had been the natural child of the adopting parents, and be liable to all the duties and entitled to all the rights of parents thereto. Thereupon there shall be no distinction in any way between the rights and duties of natural children and adopted children, and such child shall thereupon become the heir at law of such adopting person or persons, as well as the heir at law of the lineal and collateral kindred of the adopting person or persons, and entitled to inherit property from such person or persons in accordance with the law of descent and distribution of this state: Provided, That nothing herein shall affect his right to inherit from or through his natural parents. On the death of the adopting parents, custody of the adopted child shall be determined as though the child was natural born of the adopting parents." (Emphasis added.)