*In re* CUNNINGHAM ESTATE

SAPP v BARNES

Docket No. 65343. Submitted June 28, 1983, at Detroit.—Decided December 20, 1983.

Tharman Gibbs fathered three children during his lifetime. Two of his children, Ethel Sapp and Edward Gibbs, were by his wife and the third, Alma L. Cunningham, was by an unmarried woman, Georgia Dear. Alma Cunningham died intestate in 1979, after her father's death and after the effective date of the Revised Probate Code. Alma Cunningham's maternal aunt, Elsie Barnes, was named personal representative of the Cunningham estate. Ethel Sapp and Edward Gibbs petitioned the Wayne Probate Court to name a new personal representative and determine the heirs. The court, Frank S. Szymanski, J., determined Ethel Sapp and Edward Gibbs to be the sole heirs at law of Alma Cunningham and ordered Ethel Sapp appointed as successor personal representative. Elsie Barnes appealed. *Held:*

A determination of heirs at law is to be made under the law in effect at the decedent's death. The court correctly applied the provision of the Revised Probate Code that a man is to be considered the natural father of a child born out of wedlock if the man and the child have borne a mutually acknowledged relationship of parent and child which began before the child became age 18 and continued until terminated by the death of either. Such was the case with Tharman Gibbs and Alma Cunningham. The fact that Tharman Gibbs died prior to the Revised Probate Code's effective date is irrelevant. Michigan's Revised Probate Code provides for only a limited number of exceptions to the full application of the act in proceedings pending on its effective date or commenced thereafter: (1) where, in the opinion of the court, the former procedure should be made applicable in the interest of justice; (2) where, in the opinion of the court, application of the code is infeasible; and

REFERENCES FOR POINTS IN HEADNOTE

23 Am Jur 2d, Descent and Distribution §§ 6, 7.

73 Am Jur 2d, Statutes § 347.

(3) where application of the code would impair any right which had accrued prior to its effective date. None of these exceptions prevent its application in this case. Therefore petitioners, brother and sister of the half blood of the deceased, are the sole heirs at law.

Affirmed.

DEATH — REVISED PROBATE CODE.

Michigan's Revised Probate Code provides for only a limited number of exceptions to the full application of the act in proceedings pending on its effective date or commenced thereafter: (1) where, in the opinion of the court, the former procedure should be made applicable in the interest of justice; (2) where, in the opinion of the court, application of the code is infeasible; and (3) where application of the code would impair any right which had accrued prior to its effective date (MCL 700.922, subds [a], [c]; MSA 27.5992, subds [a], [c]).

*Allan W. Ben, P.C.* (by *Allan W. Ben*), for petitioners.

*Fried & Sniokaitis, P.C.* (by *Maryellen McLeod*), for respondent.

Before: CYNAR, P.J., and HOOD and R. J. JASON,* JJ.

PER CURIAM. Respondent, the decedent's maternal aunt, appeals by right from an order determining that petitioners, allegedly the decedent's half-sister and half-brother, are the sole heirs of her estate. Although the decedent's mother was never married to Tharman Gibbs, ample evidence that he was decedent's natural father was presented at the hearing to determine heirs. Section 111 of the Revised Probate Code states in part:

"(4) If a child is born out of wedlock or if a child is born or conceived during a marriage but not the issue of that marriage, a man is considered to be the natural

---

* Circuit judge, sitting on the Court of Appeals by assignment.

father of that child for all purposes of intestate succession if any of the following occurs:

\* \* \*

"(c) The man and the child have borne a mutually acknowledged relationship of parent and child which began before the child became age 18 and continued until terminated by the death of either." MCL 700.111; MSA 27.5111.

Substantial evidence was presented supporting the probate court's finding that the decedent and Tharman Gibbs bore a mutually acknowledged relationship of parent and child which began before the decedent became 18 and ended at the death of Mr. Gibbs. Respondent does not contest this finding on appeal.

Respondent claims that the trial judge erred by applying the provisions of the Revised Probate Code, despite the fact that Tharman Gibbs died before the code's effective date. The trial judge correctly held that the date of Gibb's death was irrelevant. The Revised Probate Code provides only a limited number of exceptions to the rule of full application in proceedings pending on its effective date or commenced after that date. *In re Sutherby Estate,* 110 Mich App 175, 177; 312 NW2d 200 (1981). The first exception applies where the interests of justice require adherence to the procedure formerly used. MCL 700.992(a); MSA 27.5992(a). We do not believe that justice requires that one set of putative heirs be chosen over another. The second exception is where the application of the Revised Probate Code provisions is infeasible. MCL 700.992(a); MSA 27.5992(a). No practical problems prevent application of the new code provisions. Finally, the new provisions may not be applied where their application would impair any right which had accrued prior to the

code's effective date. MCL 700.992(c); MSA 27.5992(c). No right to inherit vested in respondent, because the *decedent* (not Tharman Gibbs) passed away after the effective date of the new code. Determinations of heirs are governed by statutes in effect at the time of the decedent's death. *In re Adolphson Estate,* 403 Mich 590, 593; 271 NW2d 511 (1978). Because no right to inherit ever vested in the respondent, no vested rights are impaired by the application of the new code provisions.

Respondent's second argument is very similar to her first. It is based on MCL 700.111; MSA 27.5111, which states in part:

"(5) Property of a child born out of wedlock or a child born or conceived during a marriage but not the issue of that marriage passes in accordance with the law of intestate succession except that the father and his kindred shall not be considered as relatives of the child unless the child might have inherited from the father as provided in this section."

Respondent claims that, as relatives of the decedent's father, petitioners may only inherit if the decedent might have inherited from her father. While ingenious, this argument has no merit. Because decedent's father died before the effective date of the Revised Probate Code, respondent argues, the new code does not apply and the rights of the illegitimate child must be determined under the old law. The language of the statute itself defeats respondent's claim. To determine whether the father and his kin shall be considered relatives of the illegitimate child for purposes of intestate succession, one must ask whether the child "might have inherited from the father as provided in this section", *i.e.,* § 111 of the Revised Probate Code.

The illegitimate child need not have actually inherited anything from the father. She need not have been an heir at the time of his death. The child need only show that she might have inherited from the father "as provided in this section", *i.e.,* under the rules set forth in the new code. The time of death of the father is irrelevant to a determination of the parties' rights.

Affirmed. Costs to petitioners.