In re ESTATE OF SCHARENBROCH

Docket No. 126705. Submitted December 6, 1990, at Grand Rapids. Decided July 17, 1991; approved for publication September 13, 1991, at 9:05 A.M.

Robbie Stephens petitioned the Ottawa County Probate Court to have her daughter declared the heir-at-law of Jeffrey S. Scharenbroch, deceased. The decedent, who died intestate, was the child's putative father, although he and the petitioner were never married. The court, Mark A. Feyen, J., granted summary disposition for the personal representatives of the decedent's estate, Donald B. and Peggy J. Scharenbroch, finding that the child and the decedent, who died thirty-two days after the child's birth, did not have a mutually acknowledged relationship at the time of his death. The petitioner appealed.

The Court of Appeals *held:*

1. MCL 700.111(4)(c); MSA 27.5111(4)(c) provides that if a child is born out of wedlock, a man is considered to be the natural father of that child for purposes of intestate succession if the man and the child have borne a mutually acknowledged relationship of parent and child that began before the child became age eighteen and continued until terminated by the death of either.

2. A mutually acknowledged relationship requires action by both sides. No evidence was presented that a thirty-two-day-old infant is capable of acknowledging a relationship with her father or that the petitioner's child manifested such an acknowledgment in any way.

Affirmed.

*Meana, Spruit & Bedevia, P.C.* (by *Fernando L. Bedevia*), for the petitioner.

*Miller, Johnson, Snell & Cummiskey* (by *Robert D. Brower*), for the respondents.

Before: SHEPHERD, P.J., and SAWYER and REILLY, JJ.

PER CURIAM. In this action, the petitioner sought to have her daughter Stephanie declared decedent Jeffrey S. Scharenbroch's heir-at-law under MCL 700.111(4)(c); MSA 27.5111(4)(c). Decedent was the child's putative father, though he and the petitioner were not married. Decedent died intestate, as a result of injuries sustained in an automobile accident, thirty-two days after Stephanie's birth. The probate court granted summary disposition to the respondents after finding reasonable minds could not disagree that the thirty-two-day-old child was incapable of having borne a "mutually acknowledged" relationship with the decedent, as required under the statute. The petitioner appeals as of right the February 5, 1990, order to this effect.

We are, however, constrained to affirm, because we agree with the probate court that no evidence was presented that a thirty-two-day-old infant is capable of acknowledging a relationship with her father or that this child manifested such an acknowledgment in any way.[1] Section 111(4)(c) provides that if a child is born out of wedlock, a man is considered to be the natural father of that child for purposes of intestate succession if the "man and the child have borne a mutually acknowledged relationship of parent and child which began before the child became age 18 and continued until terminated by the death of either." The alternative statutory methods of establishing that a child is an heir-at-law of a deceased man are not at issue in this case. Subsection (4)(a) of § 111 allows

---

[1] At the hearing regarding the motion for summary disposition, counsel for the petitioner was afforded the opportunity to make an offer of proof. All he could do was state that, perhaps, expert testimony might be produced to establish that a thirty-two-day-old child can, in a limited fashion, acknowledge her father. This was the time to present an offer of proof regarding such expert testimony, as opposed to counsel's speculation that such testimony might be available.

the father and mother to file a written acknowledgment with the probate court. Subsection 4(b) of § 111 allows the mother and father to jointly request a correction of the certificate of birth. Neither of these alternatives was pursued in this case.

While the statute may be considered remedial in the sense that it was designed to remedy past injustices whereby even acknowledged illegitimate children were prohibited from taking intestate, and may therefore be more liberally construed, *In re Spencer Estate,* 147 Mich App 626; 383 NW2d 266 (1985), subsection 4(c), in an effort to avoid specious claims, does require a "mutually" acknowledged relationship between parent and child. This Court has held that both the ordinary and legal usages of the word "mutual" require action by both sides. *In re Vellenga Estate,* 120 Mich App 699, 702; 327 NW2d 340 (1982). In enacting subsection 4(c), it is apparent that the Legislature attempted to grant rights to children born out of wedlock. It is equally apparent that the Legislature may not have foreseen all the varying factual circumstances that might arise, including the impact of the statute on infants and severely retarded persons. How, for example, can a child born after the death of the father establish rights of inheritance? *Vellenga, supra,* holds that it may not do so. It would appear that the same result follows if the father dies just hours after the birth, i.e., before there is any opportunity to comply with subsections 4(a) or (b) of the statute. What is clear, however, is that we are bound by the language employed by the Legislature, and that language requires that we affirm the decision of the probate court even if the result appears harsh upon a child whose actual paternity is apparently not seriously disputed. We, as judges, may not substitute our

own personal notions of fairness for a clearly worded legislative mandate.[2]
Affirmed.

---

[2] The question regarding the constitutionality of the statute, particularly the issue regarding equal protection, was not raised, and we do not address it.