30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michelle EUKER, on Behalf of Justin EUKER, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2436.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals a district court judgment affirming the decision of the Secretary to deny surviving child insurance benefits under the Social Security Act. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Michelle Euker filed an application for surviving child's insurance benefits on behalf of her minor son, Justin Euker, based on the social security earnings record of deceased wage earner Bryon Labiotka. An administrative law judge initially conducted an evidentiary hearing and granted the application. This decision was later reversed by the Appeals Council and ultimately became the final decision of the Secretary.
 
 
 3
 Euker petitioned the district court for review of the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g) and each party subsequently moved for summary judgment. The district court granted summary judgment for the Secretary and this appeal followed. The parties have briefed the issues through counsel.
 
 
 4
 On December 10, 1990, Michelle Euker filed an application for surviving child's insurance benefits on behalf of her son, Justin Euker, based on the social security earnings record of deceased wage earner Bryon Labiotka. The record shows that Michelle Euker gave birth to Justin Euker on October 29, 1989. Evidence admitted in the administrative procedures on review established to a medical certainty that the biological father of Justin Euker was Bryon Labiotka, although his name does not appear on the birth certificate of Justin Euker. Labiotka never married Michelle Euker, however, and was killed in an automobile accident June 6, 1989, approximately six months before the birth of Justin Euker. The question thus before the Secretary was whether there was sufficient evidence adduced to establish that Justin Euker was entitled to surviving child insurance benefits under the Act regardless of the legal relationship of his biological parents. The Secretary ultimately denied the claim and the district court affirmed this decision.
 
 
 5
 The standard of review that applies to Euker's appeal from the district court's judgment was articulated by this court in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam):
 
 
 6
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 7
 Id. at 681 (citations omitted).
 
 
 8
 Surviving child insurance benefits are available under the Act for both the legitimate and illegitimate children of a fully insured deceased wage earner. See generally 42 U.S.C. Secs. 402(d)(1), 402(d)(3). The benefits are contingent, however, in that the child must have been "dependent" on the wage earner at the time of his death. 42 U.S.C. Sec. 402(d)(1)(C). An illegitimate claimant may establish his status as a dependent child for these purposes under the Act in a variety of ways. First, the claimant may show that he would be entitled to inherit personal property as a child of the decedent under the intestate succession laws of the applicable state, in this case Michigan. 42 U.S.C. Sec. 416(h)(2)(A). The claimant may also be deemed to be a dependent child in this context if the deceased wage earner had acknowledged in writing that the claimant is his son, had been decreed by a court to be the father of the claimant or had been ordered by a court to contribute to the support of the claimant because the claimant was his son. 42 U.S.C. Sec. 416(h)(3)(C)(i)(I-III). Finally, the claimant may show "by evidence satisfactory to the Secretary" that the deceased wage earner was his father and that the deceased was living with or contributing to his support at the time of his death. 42 U.S.C. Sec. 416(h)(3)(C)(ii). In the case of a posthumous child like Justin Euker, this court has held that the deceased must have provided "at least some nominal support" to the claimant's mother in order for the claimant to be eligible for benefits under Section 416(h)(3)(C)(ii). Chester ex rel. Chester v. Secretary of Health and Human Servs., 808 F.2d 473, 477 (6th Cir.1987) (per curiam).
 
 
 9
 The evidence reflects that Bryon Labiotka's parental obligations were never the subject of a formal court decree and he was not living with Michelle Euker at any time after she became pregnant. The appeal is thus a review of the quantum of evidence supporting the Secretary's decision that Justin Euker would not take under Michigan's laws of intestacy or that Labiotka did not provide at least nominal support to Michelle Euker before his death.
 
 
 10
 There is substantial evidence to support the conclusion that Justin Euker would not be recognized as an heir of Bryon Labiotka under Michigan's laws of descent and distribution. Michigan law does recognize that an illegitimate child may take by intestate succession in certain limited circumstances: the man formally executes an acknowledgement of parentage, the man joins with the child's mother in a successful request to correct the birth certificate to reflect his parentage, or the man and the child have borne a mutually acknowledged parent/child relationship before the child's eighteenth birthday. Mich.Comp.Laws Ann. Sec. 700.111(4). The plain language of this statute compels a conclusion that Michigan courts do not recognize intestate rights of succession to children in Justin Euker's situation, that is, illegitimate children born after the death of the biological father who never formally acknowledged his status as parent. This is the same conclusion reached by the Michigan appellate courts as accurately cited by the district court. "How, for example, can a child born after the death of the father establish rights of inheritance? Vellenga [ Matter of Vellenga's Estate, 327 N.W.2d 340, 342 (1982) (per curiam) ] holds that it may not do so." In re Estate of Scharenbroch, 477 N.W.2d 436, 438 (1991) (per curiam).
 
 
 11
 There also is substantial evidence that Labiotka did not provide nominal, or any, support to Michelle Euker during her pregnancy so as to bring Justin Euker within the meaning of Section 416(h)(3)(C)(ii) as interpreted in Chester ex rel. Chester, 808 F.2d at 477. The evidence reflects that Michelle Euker saw Labiotka on only two occasions after informing him of her pregnancy and before his death. They did not live together, Labiotka did not provide any support to Michelle Euker (beyond one movie "date") and Labiotka did not pay for any doctor visit. Michelle Euker has maintained that Labiotka's indigency prevented him from contributing to her well being, but the record is essentially devoid of any hard evidence to this effect. The decision of the Secretary is supported by substantial evidence. This appeal lacks merit.
 
 
 12
 Accordingly, the district court's judgment is affirmed.