*In re* JONES ESTATE

JONES v JONES

Docket No. 149878. Submitted April 6, 1994, at Detroit. Decided November 21, 1994, at 9:25 A.M.

Lavena Turner, the mother of David Anthony Jones, II (hereafter David II), filed a petition in the Wayne County Probate Court seeking a determination of the heirs at law of Dave Anthony Jones, deceased, who died intestate on May 7, 1991. Turner alleged that the decedent was the father of David II, although no father was listed on his birth certificate. Claudia Jones, as personal representative of the estate of Dave Anthony Jones, and Yolanda Hawkins, the mother of Danielle Hawkins and Dave Anthony Jones, Jr., two uncontested heirs of the decedent, opposed Turner's petition. The decedent and Yolanda Hawkins were never married. The court, David J. Szymanski, J., determined that David II was the son of the decedent and an heir at law. In reaching its determination, the court found that the statute in effect at the time of the decedent's death that stated the requirements for children born out of wedlock to inherit from a father who dies intestate, MCL 700.111(4); MSA 27.5111(4), created an insurmountable barrier for David II and, therefore, the provision was unconstitutional as a denial of equal protection. Claudia Jones and Yolanda Hawkins appealed.

The Court of Appeals *held:*

1. None of the requirements of MCL 700.111(4); MSA 27.5111(4) were met in this case.

2. The court erred in finding § 111(4) to be unconstitutional as violating the Equal Protection Clause, US Const, Am XIV, § 1. The purpose of § 111(4) is to guard against specious or deceitful claims by requiring the father to make some acknowledgment, during his lifetime, that the claimant is his child. The state's interest is to provide for the accurate, efficient, and just disposition of an intestate decedent's property. The statute is substantially related to this interest.

3. The action must be remanded to afford the parties an opportunity to present additional evidence regarding whether David II is the decedent's child. In accordance with the deter-

mination in *Easley v John Hancock Mutual Life Ins Co,* 403 Mich 521 (1978), which held that a judicial determination of paternity entitled a child born out of wedlock to share in the father's estate notwithstanding the child's failure to satisfy the requirements of a former statute regarding the ability of children born out of wedlock to inherit by intestate succession from their fathers, MCL 702.83; MSA 27.3178(153), and this Court's holding in *In re Miller Estate,* 207 Mich App 19 (1994), which held that *Easley* established a nonstatutory, judicial method of establishing a right to inherit that continued after the enactment of MCL 700.111(4); MSA 27.5111(4) in 1979, the parties, on remand, must be given the opportunity to determine paternity pursuant to the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.*

Reversed and remanded.

1. CONSTITUTIONAL LAW — EQUAL PROTECTION — PARENT AND CHILD — CHILDREN BORN OUT OF WEDLOCK — DESCENT AND DISTRIBUTION.

The statute in effect in May 1991 that sets forth the requirements for children born out of wedlock to inherit from a father who dies intestate does not deny equal protection of the law; the purpose of the statute is to guard against specious or deceitful claims by requiring the father to make some acknowledgment, during his lifetime, that the claimant is his child; the statute is substantially related to the important state interest of providing for the accurate, efficient, and just disposition of an intestate decedent's property (US Const, Am XIV, § 1; Const 1963, art 1, § 2; MCL 700.111[4]; MSA 27.5111[4]).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — CHILDREN BORN OUT OF WEDLOCK — INTERMEDIATE SCRUTINY.

An intermediate level of scrutiny is applied in determining whether state legislation involving children born out of wedlock violates the constitutional guarantee of equal protection; to withstand such scrutiny, the statutory classification must be substantially related to an important governmental objective (US Const, Am XIV, § 1; Const 1963, art 1, § 2).

3. DESCENT AND DISTRIBUTION — DETERMINATION OF HEIRS.

The determination of a decedent's heirs is governed by the statutes in effect at the time of the decedent's death.

4. PARENT AND CHILD — CHILDREN BORN OUT OF WEDLOCK — DESCENT AND DISTRIBUTION — JUDICIAL DETERMINATION OF PATERNITY.

A judicial determination of paternity pursuant to the Paternity

Act entitles a child born out of wedlock to share in the father's estate notwithstanding the child's failure to satisfy the requirements of the statute that sets forth the requirements for children born out of wedlock to inherit from a father who dies intestate (MCL 700.111[4], 722.711 *et seq.*; MSA 27.5111[4], 25.491 *et seq.*).

*Alvin C. Sallen,* for the appellants.

*Richard A. Lenter* (*Sommers, Schwartz, Silver & Schwartz, P.C.,* by *Patrick Burkett,* of Counsel), for the appellees.

Before: CAVANAGH, P.J., and JANSEN and D. C. KOLENDA,* JJ.

JANSEN, J. Appellants Claudia Jones, as personal representative of the estate of Dave Anthony Jones, deceased, and Yolanda Hawkins appeal as of right from a February 27, 1992, order of the Wayne County Probate Court determining decedent's heirs. The probate court determined that appellee David Anthony Jones, II, the son of appellee Lavena Turner, was the son of decedent Dave Anthony Jones and an heir at law. We reverse and remand for further proceedings.

David Anthony Jones, II (hereafter David II), was born to Lavena Turner on January 17, 1991. No father was listed on the birth certificate. David's alleged father, decedent Dave Anthony Jones, died intestate on May 7, 1991, because of a heart attack, at the age of twenty-seven. Decedent left two uncontested heirs, Danielle Hawkins and Dave Anthony Jones, Jr., the children of Yolanda Hawkins. Decedent and Hawkins were not married at any time.

On July 1, 1991, Lavena Turner filed in the Wayne County Probate Court a petition to deter-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mine heirs. Decedent's mother, Claudia Jones, is the personal representative of the estate. Although it is not entirely clear from the lower court record or the briefs, decedent was apparently in an automobile accident involving a rental automobile in which he suffered a knee injury. As a result of that accident, decedent received a settlement in the amount of $125,000. After fees and costs, the estate received $82,400. There was also a wrongful death action pending at the time the claim of appeal in this case was filed.

Appellants challenge the probate court's finding that David II is the son of decedent and an heir at law. At issue is the application of MCL 700.111(4); MSA 27.5111(4), which sets forth the requirements for children born out of wedlock to inherit from a father who dies intestate. At the time of the lower court proceedings, MCL 700.111(4); MSA 27.5111(4) provided:

> If a child is born out of wedlock or if a child is born or conceived during a marriage but not the issue of that marriage, a man is considered to be the natural father of that child for all purposes of intestate succession if any of the following occurs:
>
> (a) The man joins with the mother of the child and acknowledges that child as his child in a writing executed and acknowledged by them in the same manner provided by law for the execution and acknowledgment of deeds of real estate and recorded at any time during the child's lifetime in the office of the judge of probate in the county in which the man or mother of the child reside at the time of execution and acknowledgment. It shall not be necessary for the mother of the child to join in the acknowledgment if she is disqualified to act by reason of mental incapacity, death, or any other reason satisfactory to the probate judge of the county in which the acknowledgment may be recorded.

(b) The man joins with the mother in a written request for a correction of certificate of birth pertaining to the child which results in issuance of a substituted certificate recording the birth of the child.

(c) The man and the child have borne a mutually acknowledged relationship of parent and child which began before the child became age 18 and continued until terminated by the death of either.

None of the requirements of the provision were met in this case. The probate court held that § 111(4) created an "insurmountable barrier" for David II and that the provision was, therefore, unconstitutional as a denial of equal protection.

The probate court found that subsection 111(4)(c) was not met because David II was only 110 days old at the time of decedent's death and could not mutually acknowledge the parent-child relationship. We are constrained to affirm the probate court's finding in this respect only because there was no evidence presented that David II actually acknowledged the relationship of parent and child. *In re Estate of Scharenbroch,* 191 Mich App 215, 216; 477 NW2d 436 (1991). This is not to state that a young child can never be capable of acknowledging the parent-child relationship, as the probate court seemed to conclude. Rather, there was no evidence presented in this case that David II showed an acknowledgment of the parent-child relationship, and subsection 111(4)(c), therefore, was not met.

Therefore, we are faced with the question whether the statute is unconstitutional as violating the Equal Protection Clause of the Fourteenth Amendment. US Const, Am XIV, § 1. The probate court found that § 111(4) created an "insurmountable barrier" to David II to establish the rights of inheritance. We do not agree with the probate

court that § 111(4) is unconstitutional as violating the Equal Protection Clause.

In considering whether state legislation involving children born out of wedlock violates the Equal Protection Clause of the Fourteenth Amendment, an intermediate level of scrutiny is applied. To withstand intermediate scrutiny, the statutory classification must be substantially related to an important governmental objective. *Clark v Jeter,* 486 US 456, 461; 108 S Ct 1910; 100 L Ed 2d 465 (1988). Further, the Equal Protection Clause of the Michigan Constitution, Const 1963, art 1, § 2, is intended to duplicate the federal clause and to offer similar protection. *Doe v Dep't of Social Services,* 439 Mich 650, 671; 487 NW2d 166 (1992). Thus, we apply the same level of scrutiny under either the United States or the Michigan Constitutions.

In *Trimble v Gordon,* 430 US 762; 97 S Ct 1459; 52 L Ed 2d 31 (1977), the Supreme Court held unconstitutional, as violating the Equal Protection Clause, a provision of the Illinois Probate Act that allowed children born out of wedlock to inherit by intestate succession only from their mothers, but allowed legitimate children to inherit by intestate succession from both parents. The Illinois statute provided that children born out of wedlock could inherit from the intestate father only if the father acknowledged the child and the child had been "legitimized" by the intermarriage of the parents. However, the Supreme Court emphasized that a paternity order had been entered finding the decedent to be the father, and the decedent had been ordered to pay $15 a week in child support. The decedent paid the child support and acknowledged the child as his.

The Supreme Court concluded that the Illinois statute was not carefully tuned to alternative

considerations. The adjudication that the decedent was the child's father in a state court paternity action before the decedent's death was found to be sufficient to establish the child's right to claim a share of the decedent's estate. Because of the prior paternity action, the state's interest in the efficient disposition of property at death would not be compromised. *Id.,* p 772.

In *Lalli v Lalli,* 439 US 259; 99 S Ct 518; 58 L Ed 2d 503 (1978), the Supreme Court held that a provision of a New York statute did not violate the Equal Protection Clause. That statute provided that a child born out of wedlock could inherit by intestate succession from its father if the child provided proof of paternity through an order of filiation. The Supreme Court found that the New York statute was substantially related to the state's interest of providing for the just and orderly disposition of property at death. Unlike the Illinois statute, the New York statute did not require the "legitimation" of the child through the intermarriage of the parents.

This Court considered the constitutionality of a former statute regarding the ability of children born out of wedlock to inherit by intestate succession from their fathers, MCL 702.83; MSA 27.3178(153), and held on the basis of *Lalli* that the former statute did not violate the Equal Protection Clause. *In re Blanco Estate,* 117 Mich App 281, 298; 323 NW2d 671 (1982). Under former MCL 702.83; MSA 27.3178(153), a child born out of wedlock could inherit from an intestate father if (1) the parents intermarried, *or* (2) the father and mother filed a written acknowledgment with the probate court. MCL 702.83; MSA 27.3178(153) was repealed by 1978 PA 642, effective July 1, 1979, after the *Trimble* and *Lalli* decisions.

It has been recognized that the purpose of

§ 111(4) is to guard against specious or deceitful claims by requiring the father to make some acknowledgment, during his lifetime, that the claimant is his child. *In re Spencer Estate,* 147 Mich App 626, 631; 383 NW2d 266 (1985). Thus, we recognize that the state interest in this case is to provide for the accurate, efficient, and just disposition of an intestate decedent's property. We believe that the statute is substantially related to this interest.

At the time of decedent's death, the statute permitted a child born out of wedlock to inherit from an intestate father if (1) the father and mother filed a written acknowledgment of the child in the probate court, (2) the father and mother jointly requested a correction of the birth certificate, or (3) the father and child mutually acknowledged the parent-child relationship before the child reached age eighteen and until the death of either. Although the parties emphasize the third requirement, and appellees maintain that the third requirement constitutes an insurmountable barrier and is unconstitutional as applied to the facts of this case, this argument ignores that the statute must be read as a whole. There were, in fact, three possible ways in which David II could inherit from decedent. The fact that it may be difficult for an infant to acknowledge the parent-child relationship does not invalidate the statute because the parents could have filed a written paternity acknowledgment in the probate court or they could have jointly requested a correction of the birth certificate. The fact that these statutory requirements actually were not accomplished does not compel a conclusion that § 111(4) is unconstitutional as violating the Equal Protection Clause.

Additionally, the provision is substantially related to the important state interest of the orderly

and just distribution of an intestate decedent's property. In *Lalli* and *Spencer,* the Courts recognized the state's substantial interests in guarding against spurious claims made against an estate. The requirements set forth in § 111(4) are tailored "to ensure the accurate resolution of claims of paternity and to minimize the potential for disruption of estate administration." *Lalli, supra,* p 271. Although subsections 111(4)(a) and 111(4)(b) require that both the parents do an act to allow the child born out of wedlock to be able to inherit from an intestate father, the third requirement involves only the actions of the father and child. As this Court has noted, subsection 111(4)(c) does not require a distinct type of relationship, but only requires that a biological relationship of parent and child did indeed exist. *Spencer, supra,* p 632. Therefore, subsection 111(4)(c) can be read broadly to insure that young children, as well as older children, will meet the requirement of a mutually acknowledged biological relationship of parent and child.

Accordingly, we conclude that § 111(4) does not violate the Equal Protection Clause as held by the probate court. The statutory requirements are substantially related to an important state interest, that of the just and orderly disposition of property of an intestate decedent's estate.

Appellants, however, also contend that the parties should be afforded an opportunity to present additional evidence regarding whether David II was decedent's child. We agree with appellants on the basis of the holding of *Easley v John Hancock Mutual Life Ins Co,* 403 Mich 521; 271 NW2d 513 (1978).

In *Easley,* our Supreme Court held that a judicial determination of paternity entitled a child born out of wedlock to share in the father's estate

notwithstanding the child's failure to satisfy the requirements of former MCL 702.83; MSA 27.3178(153). In *Easley,* the decedent had acknowledged the child as his own and support orders had been entered by a circuit court. The Supreme Court concluded that the order of filiation granted the right to an equal share with the other children of the decedent's estate, and that to hold otherwise would deny equal protection of the laws because it would leave children whose paternity had been judicially established in an inferior position. *Easley, supra,* pp 524-525.

Although MCL 700.111(4); MSA 27.5111(4) has been amended, effective October 19, 1993, to include that an order of filiation establishing paternity is sufficient for a child born out of wedlock to inherit from an intestate father, that amendment is not applicable to this case because the determination of heirs is to be governed by statutes in effect at the time of death. *In re Adolphson Estate,* 403 Mich 590, 593; 271 NW2d 511 (1978).

However, this Court recently held that *Easley* established a nonstatutory, judicial method of establishing a right to inherit that continued after the enactment of MCL 700.111(4); MSA 27.5111(4) in 1979. *In re Miller Estate,* 207 Mich App 19; 524 NW2d 246 (1994). Therefore, the parties in the instant case are to be given the opportunity to determine paternity pursuant to the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.* As noted by appellants, one method of proving paternity in this case is to utilize a DNA profile by using the child's tissue and the tissue of either decedent or decedent's mother. Such a judicial determination of paternity would then be sufficient for David II to inherit from the intestate decedent's estate.

Reversed, but remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.