91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ericka R. ROBINSON, Personal Representative of the Estate of
Norris Maben, Deceased, Plaintiff-Appellee,
Darmeasia Maben; Norris S. Maben, Jr., Claimants-Appellees,
Benita G. Maben-Fields, et al., Claimants-Appellants,
v.
Marvin E. FIEDLER, et al., Defendants-Appellants.
 No. 94-2229.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1996.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges, and WELLS,[1] District Judge.
 
 Opinion
 
 2
 WELLS, District Judge.
 
 
 3
 This is an appeal from a district court order distributing settlement proceeds in a wrongful death action brought under the Michigan Wrongful Death Act and federal civil rights statutes. Ten Claimant-Appellants, the decedent's mother and nine adult siblings, assert the district court erred in approving the settlement and distributing settlement proceeds. We conclude that the district court properly approved the settlement and distributed settlement proceeds. The orders of the district court are AFFIRMED.
 
 I.
 
 4
 On January 18, 1990, Norris Maben, a 21-year old, was shot and killed by Marvin Fiedler ("Fiedler"), a police lieutenant in Benton Harbor, Michigan. Maben was survived by his paramour, Ericka Robinson ("Robinson"), and two illegitimate children, Darmeasia Maben ("Darmeasia"), born June 22, 1988, and Norris Maben, Jr., ("Norris Jr."), born nearly five months after Norris Maben's death, on May 22, 1990. Norris Maben was also survived by his mother and nine adult siblings ("the Maben heirs").
 
 
 5
 On August 14, 1991, the Maben heirs filed a complaint alleging civil rights, negligence, and wrongful death claims against Fiedler and the City of Benton Harbor, Michigan ("Maben I"). On January 16, 1992, Robinson filed a similar complaint in her capacity as personal representative of Norris Maben's estate ("Maben II"). The two cases were consolidated on April 3, 1992. The district court dismissed Maben I on September 4, 1992, for lack of standing.
 
 
 6
 The Maben II parties agreed to a settlement of $350,000 on July 26, 1993. The Maben heirs filed claims against the settlement in August 1993. Guardians ad litem were appointed on behalf of Norris Jr. and Darmeasia. In an order filed on December 22, 1993, the district court approved the $350,000 settlement amount and denied a request to partially distribute settlement proceeds.
 
 
 7
 In an order filed on June 8, 1994, the district court relied on an Order of Filiation of the Berrien County Circuit Court and concluded that Norris Maben was the father of Darmeasia, and Darmeasia was entitled to share in damages. Norris Jr. was found entitled to share in damages in an order filed on September 28, 1994. Robinson v. Fiedler, 870 F.Supp. 193 (W.D.Mich.1994). The court decided that Darmeasia and Norris Jr. were to receive three-fourths of the settlement proceeds and the Maben heirs were to share the remaining one-fourth of the settlement proceeds. Final judgment was withheld until funeral and guardian ad litem costs and fees could be determined and paid from the total amount of the settlement.
 
 
 8
 The Maben heirs filed a notice of appeal on October 21, 1994. Final judgment was entered by the district court on December 1, 1994.
 
 II.
 
 9
 Appellees, Robinson, Norris Jr., Darmeasia, and the City of Benton Harbor argue jurisdiction is lacking because the Maben heirs' notice of appeal was filed six weeks prior to the district court's entry of final judgment.
 
 
 10
 Under 28 U.S.C. § 1291, a circuit court of appeals has jurisdiction over an appeal from a final order of the district court. As long as a subsequent final order is eventually entered, a prematurely filed notice of appeal can properly confer appellate jurisdiction. Fed.R.App.P. 4; Gillis v. United States Dep't of Health and Human Serv., 759 F.2d 565, 569 (6th Cir.1985); Jackson v. Tennessee Valley Auth., 595 F.2d 1120, 1121 (6th Cir.1979). Therefore, the exercise of jurisdiction is proper and this matter will be considered on the merits.
 
 III.
 
 11
 The Maben heirs argue the district court erred in dismissing Maben I and permitting a settlement in Maben II without the Maben heirs' express consent. These arguments lack merit.
 
 
 12
 Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss a pending case sua sponte. Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). Such dismissals are reviewed for abuse of discretion. Id.
 
 
 13
 The district court did not abuse discretion in dismissing Maben I. State law governs standing to bring a survivorship or wrongful death action arising from a police shooting, as long as state law is not "hostile to the Constitution and laws of the United States." Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir.1984). Michigan law provides that wrongful death actions be brought by the personal representative of the deceased's estate. Mich.Comp.Laws Ann. § 600.2922(2) (1985) ("Every action under this section shall be brought by, and in the name of, the personal representative of the estate.") Robinson was not named in her representative capacity in the Maben I complaint. The court apprised the Maben heirs of this deficiency and permitted an amendment of the complaint. However, the Maben heirs failed to correct the deficiency.
 
 
 14
 The Maben heirs also argue the district court should have postponed a dismissal of Maben I until after alleged legal errors in Robinson's appointment as personal representative were resolved in Michigan appellate proceedings. However, at the time the district court dismissed Maben I, Robinson's appointment was an effective adjudication entitled to the same preclusive effect before the district court as would be afforded in a Michigan state court. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); City of Troy Bldg. Inspector v. Hershberger, 183 N.W.2d 430, 432-433 (Mich.Ct.App.1970) (decision of lower court is res judicata, regardless of pending appeal), appeal dismissed, 404 U.S. 804 (1971). Therefore, the district court did not abuse discretion in dismissing Maben I for failure to name the proper plaintiff. See Jaco, 739 F.2d at 245.
 
 
 15
 The related claim that Robinson should not have been appointed personal representative of Norris Maben's estate may not be considered here. Because the appointment of a representative of an estate is a matter of state law, to be determined by state courts, we cannot reach this argument on the merits. Atlantic Coastline R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions").
 
 
 16
 The Maben heirs complain the estate's attorneys entered into a settlement agreement without their consent. As previously discussed, a wrongful death action must be brought by the personal representative of the estate. Mich.Comp.Laws Ann. § 600.2922(2) (1985). Michigan law provides that an attorney with authority to settle a case may enter a binding settlement agreement. Capital Dredge and Dock Corp. v. City of Detroit, 800 F.2d 525, 530-31 (6th Cir.1986); Nelson v. Consumers Power Co., 497 N.W.2d 205 (Mich.Ct.App.1993). The district court approved the proposed settlement as being in the best interests of the estate. Mich.Comp.Laws Ann. § 600.2922(5) (1985). Given the claims, defenses and facts before the district court, there is no indication that the approval of the settlement was clearly erroneous. See In re Claim of Carr, 471 N.W.2d 637, 639-40 (Mich.Ct.App.1991).
 
 IV.
 
 17
 The Maben heirs contend the district court lacked jurisdiction to determine if Norris Jr. was entitled to settlement proceeds, erred in determining Norris Jr. was entitled to settlement proceeds, and improperly failed to award attorney fees to their attorney. For the reasons set forth below, these assignments of error must fail.
 
 A. Jurisdiction
 
 18
 Michigan law provides that the court handling a wrongful death claim may approve or reject a settlement agreement and award damages. Mich.Comp.Laws Ann. § 600.2922(5)-(9) (1985). Therefore, the district court had jurisdiction to distribute proceeds under Michigan law. In re Claim of Carr, 471 N.W.2d at 639.
 
 B. Distribution of Settlement Proceeds
 
 19
 The Maben heirs challenge the district court's finding that Norris Jr. was entitled to settlement proceeds. Citing In re Renaud, 509 N.W.2d 858 (Mich.Ct.App.), appeal denied, 519 N.W.2d 154 (Mich.1994), the Maben heirs contend that unacknowledged, illegitimate children are not entitled to share in wrongful death settlement proceeds under Michigan law.
 
 
 20
 In dicta in In re Renaud, 509 N.W.2d 858, the court equated the term "children" used in the Michigan Wrongful Death Act with the enumerated class of heirs born out of wedlock under the Michigan intestate succession statute. See Mich.Comp.Laws Ann. § 700.111(4) (1993). Renaud is cited in support of a holding that an unacknowledged illegitimate child could not recover under the Michigan Wrongful Death Act in Turner v. Grace Hospital, 530 N.W.2d 487 (Mich.Ct.App.1995).
 
 
 21
 The Michigan Wrongful Death Act provides that the deceased's "children" (without regard to legitimacy or acknowledgment) are entitled to share in proceeds from a wrongful death claim. Mich.Comp.Laws Ann. § 600.2922 (1985). The Michigan intestate succession statute, by contrast, limits inheritance by illegitimate children of deceased fathers. Mich.Comp.Laws Ann. § 700.111(4) (1996). To be considered an "heir," the father of a child born out of wedlock must: 1) acknowledge the child through the filing of an acknowledgment of paternity; 2) join with the child's mother in a written request for correction of birth certificate; 3) enjoy a "mutually acknowledged relationship" before the child reaches age eighteen; or 4) be determined to be the father in a filiation order. Id.
 
 
 22
 The district court did not apply Renaud, reasoning that the Michigan Supreme Court would come to a different conclusion regarding the right of an afterborn illegitimate child to share in wrongful death settlement proceeds. The district court's legal conclusions are subject to de novo reivew. Paul Revere Life Ins. Co. v. Brock, 28 F.3d 551, 553 (6th Cir.1994). A federal court need not follow precedent established by an intermediate state appellate court when "other persuasive data" indicates the highest court of the state would decide otherwise. Pratt v. Brown Machine Co., 855 F.2d 1225, 1234, n. 11 (6th Cir.1988). In this case, there are several indicia that the Michigan Supreme Court would interpret and apply Michigan law so as to permit Norris Jr. to share in settlement proceeds.
 
 
 23
 Prior precedent indicates the Michigan Supreme Court would not apply the Renaud holding in this case. In Weber v. Aetna Casualty and Surety Co., 406 U.S. 164, 175 (1972), the United States Supreme Court invalidated a Louisiana statute which prohibited unacknowledged illegitimate children from receiving wrongful death damages. The Michigan Wrongful Death Act is subject to the same constitutional challenge if the term "children" is interpreted as it was in Renaud. Neither the Turner court nor the Renaud court addressed this dormant constitutional question. See Turner, 530 N.W.2d at 489 (stating the court "reluctantly" agrees with the holding of Renaud).
 
 
 24
 A Michigan Supreme Court holding contrary to Renaud, that "children" may be entitled to wrongful death benefits notwithstanding their inability to inherit, would bring the Michigan Wrongful Death Act in line with prior Michigan Supreme Court precedent interpreting similar statutes. The Michigan Supreme Court previously held that afterborn illegitimate children may recover wrongful death damages under state dram shop and workers' compensation statutes. La Blue v. Specker, 100 N.W.2d 445, 455 (Mich.1960) (holding afterborn illegitimate child entitled to share in proceeds of wrongful death damages under state dram shop legislation); Westfall v. J.P. Burroughs & Son, 274 N.W. 358, 360 (Mich.1937) (holding afterborn illegitimate child could recover workers' compensation wrongful death benefits). See Bettelon v. Metalock Repair Serv., 358 N.W.2d 608, 611 (Mich.Ct.App.1984) (holding afterborn child entitled to share in proceeds of workers' compensation wrongful death benefits when paternity established by competent and substantial evidence).
 
 
 25
 Moreover, Michigan courts have recognized judicial methods of proving paternity outside those enumerated in the intestate succession statute. The Michigan Supreme Court has held that a judicial determination of paternity entitled an illegitimate child to inherit notwithstanding his failure to satisfy the conditions of the intestate succession statute. Easley v. John Hancock Insurance Co., 271 N.W.2d 513 (Mich.1978). In In re Jones, 525 N.W.2d 493 (Mich.Ct.App.1994), the court considered an illegitimate infant's claim for inheritance proceeds. Citing Easley, the court concluded that judicial methods of establishing paternity pursuant to the Michigan Paternity Act also suffice for establishing a right to inherit. Id. at 497; In re Miller, 524 N.W.2d 246 (Mich.Ct.App.1994) (same).[2]
 
 
 26
 Even the plain language and legislative history of the Michigan Wrongful Death Act indicate a legislative intent that the term "children" not be construed synonymously with defined statutory heirs under § 700.111. Prior to 1985, the Michigan Wrongful Death Act provided that only those who "would be entitled to inherit the personal property of the deceased had he [sic] died intestate" could recover wrongful death damages. Mich.Comp.Laws Ann. § 600.2922(2) (1939). The amended statute clearly differentiates between children and statutory heirs entitled to wrongful death damages: "[t]he deceased's spouse, children, descendants, parents ..., and, if none of these persons survive the deceased, then those persons to whom the estate ... would pass under the laws of intestacy." Mich.Comp.Laws Ann. § 600.2922(a) (1985) (emphasis added).
 
 
 27
 Given the weight of precedent, the plain language, and the legislative history of the Michigan Wrongful Death Act, the district court did not err in holding "other persuasive data" indicated the Michigan Supreme Court would not follow Renaud and Turner. Therefore, Norris Jr. was rightfully included in the class of persons entitled to share in settlement proceeds under the Michigan Wrongful Death Act.
 
 C. Attorney Fees
 
 28
 The Maben heirs argue the district court erred in failing to award attorney fees to their attorney, Alphonse Lewis ("Lewis"). The district court denied Lewis' request for fees because it found Lewis did not provide any services to Norris Maben's estate. This factual conclusion is subject to review under the clearly erroneous standard. Paul Revere, 28 F.3d at 553. As the record is devoid of evidence that Lewis performed any legal services to Norris Maben's estate, the court did not err in failing to grant Lewis' request for attorney fees.
 
 
 29
 The orders of the district court are AFFIRMED.
 
 
 
 [1]
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [2]
 The holdings of Easley, Jones, and Miller were codified in a 1993 amendment to § 700.111(b), providing for a right to inherit upon a showing of an entry of a filiation order